\* BAMBERGER *v.* CITIZENS' STREET RAILWAY CO.

(*Jackson.*   May   16,   1895.)

1. CONTRIBUTORY NEGLIGENCE.   *Burden upon plaintiff to show its absence, when.*

In case a child is struck by a street car while in a dangerous and exposed situation, the plaintiff. in an action for the death of the child, has the burden of proving a want of negligence on the part of the child or its custodian.   (*Post, pp. 21-24.*)

2. NEGLIGENCE.   *Charge of Court; how framed.*

An instruction that certain concurring facts constitute negligence, which assumes nothing as facts, but presents a hypothetical case raised by the evidence, and applies the law thereto, is not an invasion of the province of the jury.   (*Post, pp. 24, 25.*)

3. SAME.   *What constitutes.*

An instruction is not erroneous which imputes negligence to the custodian of a three year old child, for permitting it to stray beyond his reach into an exposed situation, where danger might be reasonably apprehended and could not be effectually prevented.   (*Post, pp. 24, 25.*)

4. SAME.   *Charge of Court not erroneous, when.*

Instructions as to the negligence of a motorman in failing to stop his car promptly enough to avoid an accident are not erroneous because of an assumption that it was his duty to endeavor to stop when there are no facts in the case showing that an increase of speed might have been a proper means to avoid the accident.   (*Post, pp. 25-27.*)

5. SAME.   *Not imputable to infant, when.*

Negligence cannot be imputed to an infant only three years of age. (*Post, p. 28.*)

Cases cited and approved: Whorley *v.* Whiteman, 1 Head, 610.

\*Reported in 28 L. R. A., p. 486. As to the duty imposed on street railroad companies to avoid injuring children on the track, see note to Wallace *v.* City & S. R. Co. (Or.), 25 L. R. A., 663.—REPORTER.

Bamberger *v.* Citizens' Street Railway Co.

6. SAME. *Of parent defeats recovery for infant child's death.*

Negligence of a parent contributing proximately to the death of his infant child, or like negligence of the parent's agent and custodian of the child, will defeat a recovery by the parent for such death of his child, where he is the sole beneficiary of the action. (*Post, pp. 28-37.*)

Cases cited and approved: Loague *v.* Railroad, 91 Tenn., 461; 68 Am. Dec., 553; 89 Am. Dec., 422; 25 Am. Rep., 378; 39 Am. St. Rep., 449, 451.

Otherwise where the child survives the injury and brings the suit himself.

Cases cited and approved: Whorley *v.* Whiteman, 1 Head, 610; 41 Iowa, 71; 3 Am. Rep., 628; 78 Iowa, 396 (6 L. R. A., 545); 57 Pa. St. R., 172: 25 Ohio St. R., 641; 43 La. Ann., 64.

---

## FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, Judge.

EDGINGTON & EDGINGTON, TAYLOR & CARROLL, BELL & HORN for Bamberger.

ELDRIDGE WRIGHT and TURLEY & WRIGHT for Railway Company.

WILKES, J. This is an action for personal injuries, resulting in the death of Samuel Bamberger, a child about three years of age. The suit is brought by the father of the child, as administrator, for the benefit of the father, as next of kin of the deceased. It was tried before the Judge and a jury in the Court below, and resulted in a verdict and judgment

for the defendant company, and the plaintiff has appealed and assigned errors. On a former trial the same verdict and judgment was had, which, on appeal, was set aside by this Court on account of errors in the charge of the trial Judge.

The facts necessary to be stated are, that the deceased was left by his father in charge of the grandmother of the child, at her place of business, and she left him temporarily in custody of her aunt, Miss Harriet Bamberger. Just prior to the accident, the child, with a companion some year or two older, was playing on the street, in front of the place of business of the grandmother, in the presence of the aunt, who was standing in the doorway of the grandmother's store watching the playing of the children, who were running up and down the street. The deceased, running diagonally on the sidewalk, made a sudden break, and ran onto the street either at, on, or near a bridge. The street car was going about eight miles an hour, down grade, approaching the bridge. The exact facts connected immediately with the accident are somewhat confused.

Miss Bamberger says she was standing in the doorway of her mother's store watching the child; that she saw Sammie, just at the bridge, run out into the street, and she ran out into the street; that she got half way between the car track and the house, and heard a car coming; looked, hallooed to the motorman, and ran as fast as she could, and, just as the car got on the bridge, as nearly as she could

remember, the little boy ran across, in front of the car, and the car ran over him; that this occurred on the west side of the bridge, and that the boy was three years old. She says that the motorman paid no attention to her at all; she noticed no slackening of the speed, and that, by actual measurement, it was 105 feet from where the car struck the child to where it was taken out in front of Mrs. Cole's premises. This, however, is controverted.

The motorman discloses, in his testimony, that he first saw the child on the street east of the bridge, and that the child ran some distance diagonally on the street, and, when his car was about ten feet from him, suddenly cut across the track in front of the car, and was killed.

Mrs. Magnus says that the accident occurred when the child was about the middle of the bridge. The width of the street, between curb lines, is 46 feet; from house line to house line, is 66 feet.

The errors assigned are to the charge of the Court. The trial Judge gave, among others, the following instructions to the jury:

"Defendant railroad company pleads not guilty, and pleads that the negligence of the parent and the child contributed to produce the accident. This pleading puts upon the plaintiff the burden of making out his case, on every material point, to your satisfaction, by a preponderance of evidence. Now, as to the first material fact, you should be satisfied that neither Louis Bamberger nor his child, Sammie, were

negligent to such a degree as to cause, or contribute to causing, the injury complained of. Second, you should be satisfied that the motorman, running car No. 36 at the time of the accident, was negligent, and that it was his negligence that caused the injury to Samuel Bamberger, deceased."

This charge presents the question as to where the burden of proof rests in cases where the defense is contributory negligence; in other words, is the burden upon defendants to show contributory negligence on the part of the plaintiff, or upon the plaintiff to show the absence of such negligence?

Upon the abstract question there is an irreconcilable difference of opinion. Mr. Beach, in his work upon Contributory Negligence, attempts to lay down certain rules to determine this question. He says : "When the circumstances of the case raise no presumption of either care or want of care on the part of the plaintiff, it is necessary for him to prove that he exercised ordinary care. When the circumstances raise a presumption that the plaintiff was in the exercise of ordinary care, then the burden is on the defendant. When the circumstances raise a presumption that there was a want of ordinary care on the part of plaintiff, then the burden of proving freedom from contributory negligence is upon him." § 417. In Sherman & Redfield on Negligence, § 106, it is said : "Practically all the courts agree that the fact of contributory negligence is fatal to the plaintiff's case (unless changed by statute), no matter

how it appears, whether by affirmative evidence on the part of the defendant or by inference from the evidence on the part of the plaintiff. It is quite immaterial who proves the fact, so long as it is proved."

We think we need not, in this case, pass upon the question as an abstract proposition. Taking the entire charge together, we think the Court did instruct the jury that the plaintiff must make proof of want of contributory negligence. They were told, it is true, that if the entire evidence did not preponderate in favor of the view that defendant's negligence caused the accident and injury, then the case must fail; but this did not change the previous instruction. Looking to the facts in this case, we find that the street car was legitimately upon its own track, running its usual, ordinary line, where it had a right to be, and the child, when the injury occurred, was upon the track, where it ought not to have been, and was, in consequence, killed. Under these circumstances, no matter what the rule may be, as an abstract proposition, it would be incumbent on the father to show that the presence of the child upon the track, or in a dangerous and exposed situation, was without negligence or want of proper care on his part, or the part of the child's custodian, if the negligence of either can be held to bar the right of recovery in this case, and, upon that point, the charge of the Court was specific that the father could not recover if there was such contributory negligence on his part or the part of the custodian.

In 4 Am. & Eng. Enc. L., p. 93, it is said : "The burden of proving contributory negligence must, in every case, depend largely upon the facts of the particular case."

It is assigned as error that the trial Judge asserted that certain concurring facts constituted negligence, and invaded the province of the jury, and, moreover, charged a greater degree of diligence on the part of the plaintiff and the child's custodian, than the law requires. The portion of the charge objected to is this :

"If you believe, from the evidence, that this child was in the custody of its aunt, and you further find that she allowed it to go onto the street, in front of the Bamberger grocery, on the sidewalk on the south side of Poplar street, in front of which the street car company was running and operating its cars regularly, every ten or fifteen minutes, and you further find that she allowed the child to stray off from under her control to a point so far distant from her that, in the exercise of ordinary care and prudence, she could not have prevented the child from getting into a place of danger, and it did go into such place, and was run over and killed, then this would be such negligence on the part of the aunt as would defeat a recovery, unless you believe that the motorman had time to stop the car and prevent the accident after the child left the sidewalk and started toward the track."

The substance of this charge is that, if the cus-

todian of the child permitted it to stray away from her control, so that, in the exercise of ordinary care and prudence, she could not have prevented it from going into a place of danger, which she might have reasonably apprehended it would do, then it would be negligence, and we do not think it subject to the exceptions made. It assumes nothing as facts, but presents a hypothetical case raised by the evidence, and applies the law in such case, but does not lead the jury to infer or believe such facts to be proven.

Contributory negligence is generally a question of mixed law and fact, and in such cases it is the duty of the Court to tell the jury what facts, if proved, will constitute contributory negligence. It is the duty of the jury, in such cases, to determine the facts and apply the law, as laid down by the Court, to such facts. 4 Am. & Eng. Enc. L., 95; Thompson on Negligence, 1235, § 10.

It is also objected that the Court erred in the following charge:

"To state it differently, before you can find that the motorman who ran car No. 36 was negligent at the time of the accident and injury to Sammie Bamberger, you must find, from the evidence, the speed at which the car was running, and the point it was at on the track when the child left the sidewalk, gave the motorman time to stop his car before he would arrive at the point where the child ran onto the track in front of the car. To illustrate, if the evidence satisfies you that, when the child left the

sidewalk, the car was at a point, say forty feet west of where the child ran onto the track, and you find from the evidence that a car running at the speed this one was could have been stopped within forty feet, then it was carelessness, or negligence, not to have stopped this car within that forty feet, and the railroad would be liable ; but if the car could not have been stopped within the forty feet, then it was not negligence on the part of the motorman not to stop within forty feet, and the railroad would not be liable for this accident. · I do not mean to say that the evidence shows that the car was forty feet from the child, but only to illustrate. It is your duty to find from the evidence the speed at which the car was running, where the car was when the child left the sidewalk, and where the car was when it struck the child.''

The argument is that this instruction limits the inquiry of the jury, and rests the question wholly upon the assumption that the duty of the motorman is to endeavor to stop the car to prevent an accident. The duty of the motorman is to exercise such degree of care, under the circumstances, as will prevent an accident ; and, if the distance between a point where a child would come onto a track, running in a particular direction so as to bring the child on the track in front of an approaching car, is such as to render the stopping of the car before the accident impossible or improbable, then his duty is to increase the speed of the car, and not attempt to

stop, and thereby avert the accident. To attempt to stop the car under such circumstances inevitably produces an injury. To hasten the speed of the car inevitably leads to the prevention of an accident.

We think there is no error in this portion of the charge of which plaintiff can complain. There are no facts in this case showing that, by an increase of speed, the accident might have been avoided. It is possible such case might arise, but it is not presented by this record.

Four special requests were made, which we need not set out in full. They were all, we think, covered by the general charge, in so far as they were applicable. It is said that the general charge limited the duty of the motorman by stating that if he saw the child leave the pavement to cross the track, then he should have acted at once, whereas it was his duty to act whenever the child was, or could have been, seen exposed to danger, or in a position where it might rush into danger, whether leaving the sidewalk or in the street, or wherever it might be situated. We think the charge clearly embraced this view of the case, and did not so limit the duty of the motorman as to confine him to the time and place of the child's leaving the sidewalk and starting toward the track. This cause was before this Court at a former term, when it was reversed, with instructions as to certain defects in the charge, all of which were corrected on the last trial, and their proper effect and scope was not limited.

The only remaining question of importance is, whether this action can be defeated by proof of contributory negligence of the plaintiff, who is the administrator, and, at the same time, the father of the deceased boy. It is evident that no negligence can be charged to the deceased, on account of his tender years. Bishop on Non-Contract Law, § 586 ; *Chicago City Ry. Co.* v. *Wilcox*, 21 L. R. A., 83 ; *Whorley* v. *Whiteman*, 1 Head, 610 ; 4 Am. & Eng. Enc. L., 43, note 2.

But whether the negligence of the father or custodian can be imputed to the child, so as to bar its right to recover, is a question on which there is a conflict of decisions. The cases are too numerous to mention, and we only refer to books where they may be found collated. *Nisbet* v. *Garner*, 1 L. R. A., 153 and note ; *Chicago City R. R. Co.* v. *Robinson*, 4 *Ib.*, 126 and note ; *Wynnan* v. *Mahaska Co.*, 6 *Ib.*, 545 and note (S. C., 16 Am. State Repts., 451 and note); *Chicago* v. *Wilcox*, 8 L. R. A., 494–6 and note (S. C., 21 *Ib.*, 76–84 and note); *Bottoms* v. *R. R.*, 25 *Ib.*, 784–794 and note (S. C., 41 Am. State Repts., 799–811 and notes); *Grant* v. *Fitchburg*, 39 *Ib.*, 450 and note ; *Wiswell* v. *Doyle*, 39 *Ib.*, 451 and note ; 4 Am. & Eng. Enc. L., 87, 88 and note ; Beach on Contributory Negligence, § 41–44, 128 ; Sherman & Redfield on Negligence, § 70 to 83 and notes ; Wood on Railways, § 322 ; Bishop's Non-Contract Law, § 582 ; Wharton on Negligence, §§ 312, 314 ; Pollock on Torts, § 299 ;

Cooley on Torts, § 681; 2 Thomp. on Negligence, § 1184.

As will appear from an examination of these authorities, the better doctrine is that the negligence of the parent or custodian is not imputable to the child so as to bar its right of recovery, and our own Court, in *Whorley* v. *Whiteman*, 1 Head, 610, adopts this view, and characterizes the leading case holding the contrary (*Hartfield* v. *Roper*, 21 Wend., 615; 34 Am. Dec., 273), as no less opposed to the current of authority than to every principle of reason and justice.

Mr. Bishop, in his work on Non-Contract Law, § 582, says: "This new doctrine of imputed negligence, whereby the minor loses his suit, not only when he is negligent himself, but when his father, grandmother, or mother's maid is negligent, is as flatly in conflict with the established system of the common law as anything possible to be suggested. The law never took away a child's property because his father was poor or shiftless or a scoundrel, or because anybody who could be made to respond to a suit for damages, was a negligent custodian of it. By the new doctrine, after a child has suffered damages, which, confessedly, are as much his own as an estate conferred upon him by gift, and which he is entitled to obtain out of any of the several defendants who may have contributed to them, he cannot have them if his father, grandmother, or mother's maid happens to be the one liable for the

contribution (the idea, in such cases, being · that the child had its remedy against the father or other custodian)."

In this connection, also, the case of *Walters* v. *Chicago, R. I. & P. R. R.*, 41 Iowa, 71, is suggestive, in which it is held that, when the parents have exercised reasonable and ordinary care, there is no good reason why the negligence of the person in actual charge of the child should be imputed to them and, through them, to · the child. In *Kay* v. *Penn. R. Co.*, 3 Am. Rep., 628, the doctrine of *Hartfield* v. *Roper* is said to be "repulsive to our natural instincts and repugnant to the condition of that class of persons who have to maintain life by daily toil." Mr. Beach says that the doctrine is an anomaly and in striking contrast with the case of a donkey exposed in the highway and negligently run down and injured, or with oysters in the bed of a river, injured by the negligent operation of the vessel, in both of which cases actions have been maintained; and, he adds, if the child were an ass or an oyster, he would secure a protection denied him as a human being. He is not the chattel of his father, but has a right of action for his own benefit when the recovery is solely for his use.

While this is the general rule, and, we think, the correct one, there is a broad distinction taken between cases in which the suit is brought in the name of the child and for the use of the child, and cases where the suit is brought by the father for damages suffered by him in his own right, and he

is entitled to the recovery, and not the child. In the latter case, it is uniformly held that the negligence of the father will bar his right to recover. 4 Am. & Eng. Enc. L., 88 and note; *Grant* v. *Fitchburg*, 39 Am. State Repts., 450 and note; *Wyman* v. *Mahaska Co.*, 6 L. R. A., 545 and note (S. C., 16 Am. State Repts., 451 and note); *Westbrook* v. *Mobile R. R. Co.*, 14 L. R. A., 590 and note; *Westerburg* v. *Kingua Creek R. R.*, 24 Am. State Repts., 510 and note; and many other cases too numerous to cite.

The case at bar is, however, different from these. In this case the plaintiff is the father of the deceased child, but brings the suit, not in his right as father, but as administrator of his deceased son. In case of recovery, he will, under the statute, be the sole beneficiary, as next of kin, and the right of action is so stated in the declaration, and necessarily so, for it has been held, under our statute, that the recovery is personal to the next of kin, and when there is no next of kin, there can be no recovery; and if the next of kin die after suit is instituted, the suit abates. This suit being brought in the name of the father as administrator, and for the use of the father as sole beneficiary, the question presented is, shall the action be defeated by contributory negligence, on the part of the father or his agent, the custodian of the child, or shall he be allowed to recover notwithstanding such negligence, as the child might do?

This question was presented in the case of *Wyman* v. *Mahaska Co.*, 78 Iowa, 396 (also reported in 6 Lawyers' Repts. Annotated, 545, and in 16 Am. State Repts., 451), and was there discussed and directly passed upon. In that case, the Court held that the suit was brought in the right of the child, and not of the father, and that, if the facts were such that the child could have recovered had its injuries not been fatal, his administrator might recover the full damages sustained by the child's estate, even though the parent was sole beneficiary of the recovery. The question was also passed upon in the case of *The Norfolk & Western R. R. Co.* v. *Groseclose's Adm'r* (Virginia), in which the Court said: "Where a suit is by a parent, for loss of services caused by an injury to a child, the contributory negligence of the plaintiff is a good defense, but such negligence is not imputable to the child, and is, consequently, not to be considered when the suit is by the child or its personal representative." Citing Sher. & Red. on Negligence, par. 48*a*; *Glassey* v. *Ry. Co.*, 57 Pa. St., 172. It continues: "Hence, when the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover, without regard to the negligence or presence of parents at the time the injuries were received, and although the estate is inherited by the parents. The parents' negligence is no defense, because it is regarded not as a proximate, but as a remote, cause of the injury; and the reason lies in the irresponsi-

bility of the child, who, itself being incapable of negligence, cannot authorize it in another."

There is no principle, then, in our opinion, on which the fault of the parent can be imputed to the child. To do so is to deny to the child the protection of the law. Virtually, the question was presented in the case of *Railway Co.* v. *Crawford*, 24 Ohio St. Rep., 641. The action in that case was prosecuted, under the statute of Ohio, for the benefit of the next of kin of the intestate. The next of kin were children, three of whom were with their parents in the wagon at the time of the collision. On the trial, defendant requested the Court to charge the jury that, if the persons for whose benefit the actions were brought, were guilty of a want of ordinary care, which contributed to the injury, a recovery could not be had for their benefit. This request, the Court said, was properly refused, because, first, the statute gives the right of action to the personal representatives upon the same condition that would have entitled the party injured to an action if death had not ensued.

In the case of *Westerfield et al.* v. *Levi Bros.*, 43 La. Ann., 64, the Court held that the statutes of Louisiana allowed two elements of damage : 1. The right of action for the damages suffered by the child, and which passes to the surviving parents by inheritance. 2. The action for damages suffered by the parent on account of the loss of the child. The parents inherit the first element of damages from

3—11 P

the child, and it must be treated as though the child was alive and suing for an injury to himself; that the contributory negligence of the parents would not be a bar to the first element or cause of action; and that the second element of damage, being personal to the parents and not inherited from the child, they must be free from negligence contributory to the death of the child.

On the other hand, in the cases of *Chicago v. Major*, 68 Am. Dec., 553; *Chicago v. Starr*, 89 *Ib.*, 422; *Chicago v. Hesing*, 25 Am. Repts., 378, it is held that in such cases the negligence of the parents will bar a recovery by the administrator when such parent is the sole beneficiary. In these cases the doctrine appears to be assumed as correct, rather than controverted and adjudicated, though necessarily involved. So, likewise, are the cases of *Grant v. Fitchburg*, 160 Mass., 16 (39 Am. State Repts., 449); *Wiswell v. Doyle*, 160 *Ib.*, 42 (39 Am. State Repts., 451).

The reasoning and inclination of several of the recent text-writers is in the same direction. Booth on Street Ry., § 391; Jones on Negligence of Municipal Corporations, 422; Beach on Contributory Negligence, § 131.

There are many other cases bearing more or less directly upon this question, but need not be cited, and cannot be considered as controlling.

Necessarily, the peculiar provisions of the statute must exercise an important, if not controlling, influ-

ence in the decisions of each State. Mr. Tiffany, in his work upon Death by Wrongful Acts, §§ 68 to 72, gives the statutes of several States, and discusses the rules announced by the Court under them. His conclusions are that, in the Iowa, Virginia, and Louisiana cases, the reasoning of the Judges who delivered the opinions above referred to, is defective; that, in two of the cases, no negligence was to be imputed to the plaintiffs, and, in some, the benefit of the recovery is not confined to the single person guilty of the contributory negligence, as in Iowa and Louisiana, under their statutes, both parents are entitled to recover, and a similar rule prevails in Ohio. In Virginia, the recovery is for the benefit of all parties interested, to be distributed among the near relatives; and, if there is no next of kin, the administrator may still recover for the estate; and only when there is a widow, husband, parent, or child is the recovery free from creditors' claims.

By our statutes, M. & V. Code, § 3130, it is provided that the right of action of the injured intestate shall not abate by his death, but shall pass to his widow, and, if no widow, to the children or to the personal representatives, for the benefit of the widow or next of kin, free from the claims of creditors; and by § 3133 it is further provided that, if the deceased had commenced an action before his death, it shall proceed without a revivor. By § 3134, act of 1883, the elements of damage are fixed on the basis of mental and physical suffering,

loss of time, and necessary expenses, and, also, the damages resulting to the parties for whose use and benefit the right of action survives.

Under this statute, in *Loague* v. *The Railroad,* 7 Pickle, 461, it was decided that the mother, as administratrix of her son, was entitled to recover whatever the deceased might have recovered, and also any damages sustained by her, as mother, for the loss of her son's services.

In the unreported case of *\*Andrews* v. *L. & N. R. R. Co.,* decided by this Court at its December term, 1893, at Nashville, it was held that the elements of damage recoverable, under § 3134, embraced not only all that the administrator might be entitled to recover, but also all that might be recovered by the father, in his own right; and, recovery having been had as administrator, it was a bar to any further action by the father, in his own right, for loss of his son's services.

It is said the right to recover by the administrator is the same right that the intestate had, if he had lived, but this is not (construing the statutes together) strictly accurate, for the right is not only as administrator, but as father, and the damages are given in view of both aspects of the case and embrace both rights. The right is not strictly a descendible or inheritable right, but one arising out of the special statute, and, as to its scope, is governed by the statute.

* Opinion in this case was not for publication.—REPORTER.

The underlying principle in the whole matter is, that no one shall profit by his own negligence, and, to allow the father, who has been guilty of negligence, to recover, notwithstanding that negligence, when he brings the suit as administrator, although he could not do so in his own right, would be to defeat this underlying principle by a mere change of form, when the entire recovery, in either event, goes to him alone. Upon principle, we think that, no matter how the suit is brought, whether as administrator or as father, it can be defeated by the father's contributory negligence, when he is sole beneficiary. It follows, there is no error in the charge of the Court on this point, nor in the record, and the judgment of the Court below is affirmed with costs. We are well content with the result thus reached, upon the grounds already stated, and this decision is placed on these grounds.

Upon a careful examination of the whole testimony, we have not been able to find any evidence of negligence on the part of the street car company, and the verdict of the jury might very well have been based upon this view of the case, and, at the same time, the jury may have believed there was no contributory negligence on the part of the father or custodian of the child.