## KENNON TAYLOR v. MABLE R. ARNOLD.

Western Section.    June 13, 1925.

Certiorari denied by Supreme Court February 13, 1926.

1. **Appeal and error. Evidence of defendant's negligence in driving automobile made question for jury.**

In an action to recover damage for personal injuries caused by being struck by defendant's automobile where there was evidence that there was

no traffic and defendant had clear view for 300 feet and did not see defendant until he was right on her, taken with other evidence held to be substantial evidence of defendant's negligence.

**2. Negligence. Automobile not an inherently dangerous instrumentality.**
An automobile is not an inherently dangerous instrumentality, and the driver of an automobile is only bound to exercise ordinary care, or that degree of care and caution which an ordinarily prudent man would exercise under the same circumstances.

**3. Negligence. Contributory negligence held a jury question upon motion for a peremptory instruction.**
The question of contributory negligence of the plaintiff is a question for the jury, and not one of law for the court upon a motion for a peremptory instruction.

Appeal in error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

L. M. Smith, and Cary & Vorderbruegge, all of Memphis, for plaintiff in error.

John E. McCall, of Memphis, for defendant in error.

SENTER, J. This is an action for damages tried in the circuit court of Shelby county for personal injuries alleged to have been sustained by defendant in error by having been struck and knocked down by an automobile driven by plaintiff in error while crossing a street in the city of Memphis.

The declaration is in three courts. The first count alleges common-law negligence upon the part of the plaintiff in error, and is a count on the facts.

The second count avers a violation of the State Statute, section 3079A, 194 of the Code. The third count avers a violation of the City Ordinances of the city of Memphis in the operation of the automobile.

At the trial of the case the second and third counts of the declaration were not relied upon, and the case was tried under the first county only. The plaintiff in error filed pleas to the declaration. First the general issue of not guilty, and second, contributory negligence upon the part of the plaintiff.

For convenience we will hereinafter refer to the parties in their original status of plaintiff and defendant.

The first count avers in substance that on or about December 14, 1923, while plaintiff was undertaking to cross Linden avenue at a point where said avenue intersects Pauline street in the city of Memphis, Shelby county, Tennessee, and while exercising reasonable care and caution, she was struck, knocked down and run upon by an automobile, the property of the defendant and which was then and there being operated by the defendant in a careless, reckless, negligent and unlawful manner. That at the time the automobile struck plain-

tiff as aforesaid, she was in the exercise of proper care and caution and that plaintiff was operating said automobile in a careless, negligent and unlawful manner; in that he was driving said automobile at a reckless and unlawful rate of speed without keeping a lookout ahead for obstacles, failing to give plaintiff any warning whatsoever of his approach; was driving said automobile at a place in the street where he had no right to be, and if he saw, and by the exercise of reasonable care and caution, should have seen plaintiff, he failed and neglected to take proper precautions against striking plaintiff or bringing his car to a stop; that he did not have sufficient head lights on his automobile to enable him to see obstacles in the street at a reasonable distance ahead of him, and that his car was equipped with defective brakes. That said automobile, while being negligently and wrongfully operated by defendant, struck plaintiff and knocked her violently to the ground, rendering her unconscious and painfully bruised and lacerated her head, limbs and body, and particularly her right elbow and a rib on her right side and severely fractured, bruised and injured her spine and otherwise greatly hurt, wounded and injured plaintiff. That by reason thereof she became sick, sore, lame and disordered, and so remained and continues suffering and undergoing great pain; that she has been hindered and prevented and still is hindered and prevented from transacting and attending to her necessary affairs and regular employment. That she was obliged to pay and expend large sums of money for doctor's bills, and incurred and became indebted for divers sums of money endeavoring to be cured of her injuries; that because of her injuries she lost and forfeited the salary which she had been receiving from her employment, and for all of which she sues for $15,000.

The case was tried by a jury and resulted in a judgment for plaintiff and against the defendant for the sum of $2,000.

At the conclusion of the evidence in chief for the plaintiff the defendant moved the court for peremptory instructions to the jury to return a verdict in favor of the defendant. This motion was overruled by the court, and at the conclusion of all the evidence the motion for peremptory instruction by defendant was renewed and likewise overruled by the court.

Whereupon the defendant filed a motion that the verdict of the jury and judgment of the court be set aside and that the motion for a peremptory instruction be then sustained and granted.

The motion to set aside the verdict is in the following language:

"Now comes the defendant and moved the court to set aside the verdict of the jury and the judgment of the court and sustain the defendant's motion for a directed verdict duly and seasonably made upon the trial at the conclusion of the evidence for the plaintiff and again made at the conclusion of all the evidence in the cause, and avers:

"(1)  The court erred in overruling the defendant's motion for a directed verdict or peremptory instruction in his favor made at the conclusion of the evidence for the plaintiff and again made at the conclusion of all of the evidence in the cause.

"(2)  There is no law to support the judgment of the court and the verdict of the jury.

"(3)  There is no evidence to support the judgment of the court and the verdict of the jury.

"(4)  It was error to submit the case to the jury.

"(5)  The judgment of the court and the verdict of the jury is against the law and evidence and is not supported by the law and the evidence.

"(6)  The evidence shows without conflict that the plaintiff was guilty of gross contributory negligence, which in law is such as to bar a recovery.

"(7)  The evidence fails to show any negligence upon the part of the defendant.

"(8)  The verdict of the jury is so against the weight and preponderance of the evidence, and is so against the law as to show passion, prejudice and caprice.

"Wherefore, the defendant moves that the verdict of the jury and the judgment of the court be set aside and that defendant's motion for a peremptory instruction or a directed verdict, in its favor be sustained and granted, and that judgment be rendered in his favor."

It will be observed that this is not strictly a motion for a new trial but a motion for judgment notwithstanding the verdict of the jury.

This motion was overruled and disallowed by the court, and to which action of the court the defendant excepted, and has appealed to this court and has assigned errors.

There are five assignments of error but they all go to the single question that the court erred in submitting the case to the jury under the law and the facts. That the court erred in submitting the issue of plaintiff's contributory negligence to the jury, she, under the testimony being guilty of proximate negligence, there being no reasonable conflict in the testimony with reference thereto.

The assignments of error present the two questions, first, was the defendant guilty of negligence as the proximate cause of plaintiff's injury, and second, was plaintiff guilty of contributory negligence that contributed to her injuries.

The defendant states in substance that he was driving east on Linden avenue; that just before reaching the street intersection where Pauline street intersects with Linden avenue, that he was running the car at about twenty miles an hour; that he slowed down to about twelve miles an hour while crossing Pauline street; that he

saw the plaintiff when he was about ten or twelve feet from her, and then swerved his car to the right in an effort to prevent striking her. It was a dark night, foggy and about 7:30 P. M.; that his car was equipped with good lights and the lights were burning brightly; that his view was unobstructed from a point about 300 feet west of this street intersection; that when he first saw the plaintiff she was in the street immediately in front of his car, that she was standing still facing his car, and as he expressed it, in an attitude of defense. He also states that the plaintiff was knocked down by the impact of the car against her; that he got out of his car and assisted her to the sidewalk and then put her in his car and drove her a short distance to North Pauline street to her apartment, and assisted her into the house.

It appears from the evidence of Leon Northcross, a witness for plaintiff, that he was at plaintiff's house on the night in question, reaching there about the time the automobile got there with defendant and assisted in taking her into the house. This witness stated that the defendant admitted at the house in his presence that he was responsible for the accident. This witness also stated that Mr. Taylor, there at the house on the night of the accident, stated that he did not see Mrs. Arnold until he hit her. Miss Mildred Arnold, a witness for the plaintiff, and a daughter of the plaintiff, stated that she heard Mr. Taylor say there at the house on the night of the accident that he did not see the plaintiff until he was within one foot of her.

The plaintiff stated that she was going from her boarding house on Pauline street where she was taking her meals, to her home on North Pauline street; that when she reached Linden avenue she started to cross the street and when a few feet in the street she looked west and did not see any car approaching from that direction, that she then looked to the east and did not see a car approaching, and proceeded to a point near the center of Linden, and on a line with the east side of Pauline street, when she suddenly saw the car by which she was struck, that it was right on her at the time, that she stopped and was struck by the car, and knocked down, that she was knocked several feet east of the point where the car struck her.

It also appears from the record that there was no traffic on either Linden avenue or Pauline street at that time except the automobile which struck the defendant. The defendant states that there was no other traffic on the streets at that point at the time of the accident.

We think that there was material evidence that the defendant was guilty of negligence in the operation of his car. He admits that before reaching Pauline street he looked both to the right and to the left to see if there were cars coming out of Pauline street into Linden. He admits that he did not see the plaintiff until he was within

ten or twelve feet of her. There is other evidence in the record that he stated immediately after the accident that he did not see her until he struck her or about one foot from her. There was a street light where these streets intersect. He had bright lights on his automobile and the view was unobstructed for a distance of about 300 feet west of Pauline street. He admits that he was not looking ahead at the time, or until about the time he struck plaintiff. There is no evidence in the record as to the condition of his brakes nor the exact distance that it would require one to stop an automobile or to slacken its speed so by swerving he would have missed a person standing in the street, running at that rate of speed.

It was a question of fact properly submitted to the jury as to whether the conduct of the defendant at the time constituted negligence and the negligence was the proximate cause of the injury to plaintiff.

It is true that an automobile is not an inherently dangerous instrumentality, and the driver of an automobile is only bound to exercise ordinary care, or that degree of care and caution which an ordinarily prudent man would exercise under the same circumstances. Leach v. Asmon, 130 Tenn., pp. 512-14.

The court in the same case says further:

"Whether ordinary care was exercised under any given or proven state of facts must always be determined in relation to and in the light of the facts themselves, since what is ordinary care under one state of facts may be less than ordinary care under another and different state of facts."

The court then adds:

"What would be ordinary care in the operation of an automobile on a country road would not be ordinary care in its control on a much traveled city street. The measure of ordinary care as such, is to be estimated by the risk entailed through probable damage attending the particular situation and is to be commensurated with the risk of injury to the pedestrian in the street, having in view the condition of traffic in the street at the time and place and the nature and condition of the machine being operated." Citing a line of authorities.

Under this rule it became a question of fact for the determination of the jury as to whether or not, under all the facts and circumstances as disclosed, by the evidence, the defendant was in the exercise of ordinary care in the operation of his automobile at the time of the accident, resulting in the injuries complained of. It is also true that "a pedestrian having equal rights with others in the use of the street is held to exercise ordinary care for his own safety, to be measured by the situation confronting him, just as the immediate circumstance of place and condition demand." Leach v. Asmon, supra.

The question of contributory negligence of the plaintiff is a question for the jury, and not one of law for the court upon a motion for a peremptory instruction. Baker v. Close, 204 N. Y., 92; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 2 R. C. L., 1186.

A pedestrian has a clear right to cross the street at any street intersection, and is only required to use ordinary care while so doing. The question as to whether or not the conduct of the plaintiff in attempting the street crossing, under all the facts and circumstances, or may not constitute negligence.

"It is not as a matter of law the duty of the pedestrian, while using streets, to keep a vigilant lookout for vehicles. He is required to exercise ordinary care only. Nor is it his duty to look backward for approaching vehicles; nor is it his duty to look vigilantly or continuously for automobiles while he is lawfully using the streets." McNabb v. Gannaway, 3 Higgins, 79.

In Stunder v. Plumlee, 130 Tenn., 517, it is said:

"The rule that one about to cross a railroad track, in the use of a highway must stop, look and listen, does not apply to a traveller thus coming out of an intersecting street into a street upon which automobiles are customarily run, which machines are capable of safe operation and are not inherently dangerous instrumentalities."

"Where the measure of care is ordinary or reasonable care, and the degree of that care thus varies with the circumstances, the question of contributory negligence is one for the jury." Railroad v. Riddick, 110 Tenn., 227; Railroad v. Wade, 127 Tenn., 154.

We do not think there was any error in the action of the court in overruling and disallowing the motion of defendant for a directed verdict. We do not think there was any error in the action of the court in overruling and disallowing the motion of defendant that the verdict of the jury and judgment be set aside and judgment rendered for defendant. It results that all assignments of error are overruled and the judgment of the lower court is affirmed.

The costs of this appeal is adjudged against the plaintiff in error and his sureties on the appeal bond, and for which execution may issue.

Heiskell and Owen, JJ., concur.