RALPH H. SMITH, Administrator of the Estate of Sheila Gail Kendrick, Plaintiff in Error,

*v.*

NORMAN E. HENSON, Defendant in Error.

RALPH H. SMITH, next friend of Dan Kendrick, a minor, Plaintiff in Error,

*v.*

NORMAN E. HENSON, Defendant in Error.

381 S.W.2d 892.

*(Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed September 4, 1964.

542

H. D. KERR, CONRAD FINNELL, Cleveland, for plaintiffs in error.

ROBERT KIRK WALKER, STRANG, FLETCHER, CARRIGER & WALKER, Chattanooga, V. F. CARMICHAEL, Cleveland, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

The trial court sustained the demurrers filed to the declarations in these two cases. Since they involve the

544

same facts and substantially the same propositions of law, one opinion will be sufficient.

The declaration in the case brought by Ralph H. Smith, as administrator, etc., alleges:

"That on or about the 19th day of July, 1962, the deceased, at the Defendant's invitation, went to the Defendant's home which is located on the side of a high steep hill near Charleston, Tennessee, at a point in Bradley County, Tennessee overlooking the Hiwassee River. On the date of said visit, and prior thereto, the deceased's mother, Margaret Kendrick, a minor twenty (20) years of age, was employed by the Defendant to work in his home at an hourly wage of $1.00 per hour. * * * the deceased, went with her mother, Margaret Kendrick, * * * her brother, Dan Kendrick, a minor two (2) years of age, her uncle, Jerry Kendrick, a minor seventeen (17) years of age, and her aunt, Janice Kendrick, a minor fifteen (15) years of age, to the Defendant's home located on the steep hill or bluff, in order that her mother could pursue her employment with the Defendant."

It is further alleged that the defendant owned a 1958 Cadillac automobile which he used in driving to his place of employment, Southern Bowaters Paper Corporation, located a short distance from his home at a point on the north bank of the Hiwassee River, almost directly across the river from his home.

On the date of the accident the defendant directed Margaret Kendrick to accompany him to his place of employment and upon arrival there he then directed her to drive his automobile back to his home and, according to the declaration, "did further direct her to park it in a

position where she could wash it and clean the interior during the course of the day.''

She was not directed to park the automobile at any particular place, but it is said in the declaration that ''in order to wash and clean the defendant's Cadillac automobile as was directed by the Defendant, it was necessary for his minor servant, Margaret Kendrick, to park said automobile in a dangerous and precarious position on the Defendant's property.'' This is a conclusion—not a fact —drawn by the pleader from the charges aforesaid that she was directed to park the car ''in a position where she could wash it and clean the interior during the course of the day.''

It is alleged that the automobile driveway at the defendant's home ''follows the steep contour of the Defendant's lot so that an automobile parked in said driveway faces downward on the sharp slope overlooking the River below.''

We have been unable to find an allegation in the declaration that the said Margaret Kendrick had washed and cleaned the automobile prior to the unfortunate accident. There is an allegation that due to her incompetency, inexperience and her lack of knowledge of mechanical workings of an automobile she ''did not comprehend the danger created by parking said automobile on a steep grade where children were playing.'' It is further alleged that Margaret Kendrick was not a licensed driver and turning an automobile over to her, she not being licensed, was in itself an act of negligence which was the proximate cause of the accident.

It is further alleged in the declaration that ''Margaret Kendrick came out of the Defendant's house where she

had been working in time to see Sheila Gail Kendrick, a minor three (3) years of age, in the front seat of the Defendant's Cadillac Automobile, and Dan Kendrick, a minor two (2) years of age, in the back seat of said automobile, and in time to see said automobile begin to roll down the steep slope toward the River below. Margaret Kendrick and Janice Kendrick, both minors, did make a courageous but futile attempt to stop the moving vehicle, and both were injured in their efforts to do so. * * * Dan Kendrick, the two (2) year old boy, was seriously and permanently injured, and Sheila Gail Kendrick, the three (3) year old girl, was killed instantly on impact * * *.''

The defendant says in his demurrer that the declaration fails to charge him with any specific act of proximate negligence and that his actions in turning over the automobile to Margaret Kendrick and directing that she wash it and clean the interior during the course of the day were remote acts and did not contribute as a proximate cause to the accident. The trial court sustained this theory.

In the case of Smith, as Administrator of the Estate of Sheila Gail Kendrick, another ground of the demurrer is that the mother, Margaret Kendrick, being the sole beneficiary of the damages recovered, if any, for the death of her minor child could not maintain the action even through an administrator because her acts of negligence contributed to the death of her child and, therefore, any recovery by her would be barred.

██ Considering first the action of damages for the death of Sheila Gail Kendrick brought by her administrator, Ralph H. Smith, we find that under T.C.A. sec.

20-607 the mother would be the sole beneficiary of any sum obtained for the wrongful death of her deceased child. Therefore, any proximate negligence on her part would bar her recovery in this case. A recovery will not be permitted when the negligence of the sole beneficiary thereof proximately contributes to the death for which recovery of damages is sought. Likewise, contributory negligence of one parent of a child wrongfully killed is imputable to the other so as to preclude recovery by or for the benefit of the parents, or either of them, in an action for the death of the child. *Nichols v. Nashville Housing Authority,* 187 Tenn. 683, 216 S.W.2d 694 (1949).

The rule is more clearly stated in the case of *Bamberger v. Citizens' Street Railway Co.,* 95 Tenn. 18, 31 S.W. 163, 28 L.R.A. 486 (1895), in which it was said:

"The underlying principle in the whole matter is that no one shall profit by his own negligence, and to allow the father, who has been guilty of negligence, to recover, notwithstanding that negligence, when he brings the suit as administrator, although he could not do so in his own right, would defeat this underlying principle by a mere change of form, when the entire recovery, in either event, goes to him alone. Upon principle, we think that, no matter how the suit is brought, —whether as administrator or as father,—it can be defeated by the father's contributory negligence, when he is sole beneficiary." 95 Tenn. at 37, 31 S.W. at 168.

■ In determining whether or not the mother was guilty of negligence so as to bar a recovery, we look to the declaration conclusively show, as a matter of law, parked the car on the premises in the alleged dangerous position; the mother knew the children were playing

on the premises and she failed to properly supervise them, permitting them to get into the parked and unlocked automobile. We believe these facts as set out in the declaration conclusively show, as a matter of law, the mother's contributory negligence under the rationale of *Bamberger v. Citizens' Street Railway Co.* and *Nichols v. Nashville Housing Authority,* supra.

In considering the case of Dan Kendrick, a minor, who brought his action through Ralph H. Smith, as next friend, the case of *Bamberger v. Citizen's Street Railway Co.,* supra would not be applicable because the recovery in this case would be by the injured minor child. Therefore, we look to the declaration to determine whether or not there is any allegation upon which the defendant Henson could be found guilty of an act of negligence or breach of duty to the minor plaintiff; and, second, whether the intervening acts of the mother are such as to relieve the defendant of responsibility for his original negligent act or acts, if any.

The alleged incompetence of the driver, Mrs. Kendrick, is based upon the charge that she was an unlicensed driver. It has been widely held that the mere fact that an individual is unlicensed does not render the owner of an automobile liable for the negligence of a borrower where such fact has no causal connection with the injury or damage. *Carter v. Montgomery,* 226 Ark. 989, 296 S.W.2d 442 (1957), 5A Am. Jur., Automobiles and Traffic, Section 582, 137 A.L.R. 475.

Then, too, it must be borne in mind that Mrs. Kendrick was not driving the automobile at the time of this accident. She admittedly parked the car in the driveway for the purpose of cleaning the interior and

washing it during the day. There is no direct charge that she was ordered to park the car in the driveway. Apparently she failed to secure the brakes properly or lock the automobile. Her two children entered it and in some manner caused it to roll down the hill resulting in injuries to them. In our opinion there is no causal connection between the accident and the delivery of the car by the defendant to Mrs. Kendrick with instructions to clean and wash the automobile during the day.

The plaintiff in error relies upon the case of *Garis v. Eberling,* 18 Tenn.App. 1, 71 S.W.2d 215 (1934), to support the first proposition that the defendant was guilty of an act or acts of negligence which proximately caused or contributed to the injuries sustained by Dan Kendrick.

In the Garis case the plaintiff brought an action for the wrongful death of his child who was killed while playing about the defendant's automobile parked on the defendant's inclined driveway, when the automobile rolled down the driveway.

While the Garis case contains persuasive language, it is readily distinguishable. First, and most important, the defendant in the Garis case parked the automobile on the inclined driveway, leaving it unlocked but with the brakes set, whereas, in the case at bar, the mother of the children performed the actual act of parking the car in the precarious position in the driveway. Secondly, in the Garis case the defendant actually saw the children playing around the car while he was working nearby in a garden, and also saw the children sitting on the car singing. In the instant case, the defendant only had knowledge that the children would be on his property, and, of course, he had no knowledge or any reason to

believe that the mother would allow the children to play in the automobile. Finally, in the Garis case the defendant had knowledge that the car there involved had defective brakes. There is no allegation in this case of knowledge of the defendant of any defect in the mechanism of his automobile.

In the Garis case, as indicated above, it is shown that the car was held on the inclined driveway by defective handbrake only. There was no clear proof that a child had been in the front seat of the automobile, but there was proof that two little girls were seated on the trunk singing and playing, and in that case the court held that the jury could have reasonably inferred that the brake was released by a child in the front seat or that the jarring and jostling of the car by the girls seated on the trunk caused the brake to turn loose, thereby permitting it to roll down the hill.

Also, in the Garis case the Court said:

"In the instant case, the defendant knew that the children were playing around and on his car, and he knew that nothing was holding the car in place but the precarious tenure of the defective brake. The jury might well have found that in the circumstances disclosed by the record an ordinarily prudent person would have anticipated that the brake might be released and the car roll backwards down the driveway, and that such an occurrence would endanger the lives of the children." 18 Tenn.App. at 16, 71 S.W.2d at 224.

In the present case we are unable to find any charge of active negligence on the part of the defendant or breach of duty of the defendant as was present in the Garis case.

To hold the defendant liable merely because he told his employee, the mother of the children, to wash and clean his car during her day of work, leaving the details, including the parking of the car to her, would not be reasonable and would result in finding liability without active negligence or fault on the part of the defendant.

■ We have repeatedly held that an automobile is not a dangerous instrumentality giving rise to a cause of action upon the theory of an attractive nuisance. See *Leach v. Asman,* 130 Tenn. 510, 513, 172 S.W. 303 (1914); *Taylor v. Arnold,* 2 Tenn.App. 246, 251 (1925); *Goodman v. Wilson,* 129 Tenn. 464, 166 S.W. 752, 51 L.R.A.,N.S., 1116 (1914).

2 Blashfield, on Automobile Law, p. 1077, rejects the theory that an automobile is an attractive nuisance and cites the case of *Campbell v. Model Steam and Laundry,* 190 N.C. 649, 654, 130 S.E. 638. See also *Garis v. Eberling,* supra, 18 Tenn.App. at 14, 71 S.W.2d 215.

■ The defendant contends that since a minor child may not maintain an action of damages for negligence against the parent, that these suits are barred because the principal is liable only through the acts of his agent.

■ We agree that the rule in Tennessee is that the master (Henson in this case) is liable for the negligent acts of his servant (Mrs. Kendrick in this case), solely upon the doctrine of respondeat superior. The master in turn has a cause of action against the servant for any such amount for which he may be held liable. See *Stewart v. Craig,* 208 Tenn, 212, 216, 344 S.W.2d 761 (1961), and cases there cited.

Therefore, if the defendant Henson were to be held liable for the negligent acts of his servant, he then, of

course, could recover the amount of his liability from his servant, Mrs. Kendrick. The action brought by the administrator for damages for the life of the deceased child would, therefore, under these circumstances, be to no avail to Mrs. Kendrick.

In *Loveman Co. v. Bayless,* 128 Tenn. 307, 160 S.W.2d 841 (1913), which case was referred to with approval in *Stewart v. Craig,* supra, 208 Tenn. at page 216, 344 S.W.2d 761, it was said that where the servant, the immediate actor could not be charged with liability for the tort, the principal, the remote actor, had no part in the tortious transaction and could not be held responsible.

■ It has also long been the rule in this State that a minor may not recover damages against a principal because of the negligent acts of the parent of a minor, which parent at the time was acting as the agent of the principal. In other words, a minor may not sue a parent for damages resulting from the negligent act of said parent, and, consequently, may not maintain such an action against the principal or master of the parent under such circumstances.

Despite the correctness of the law as above stated, the plaintiffs still contend that the defendant is liable because he was guilty of an independent act of negligence which proximately caused the death and injuries to the children when he entrusted his automobile to their mother who it is alleged, was an incompetent, inexperienced, and an unlicensed driver. In support of this position, counsel quotes from Section 49, page 266 of Prosser, Torts, (2nd) 1955, as follows:

"The defendant ordinarily will not be relieved of liability by an intervening cause which could reason-

ably have been foreseen, nor by one which is a normal incident of the risk created."

To this should be added the additional statement of Dean Prosser in the same section:

"* * * the line must of necessity be drawn to terminate the defendant's responsibility. * * * The limitation of liability to cover only those intervening causes which lie within the scope of the foreseeable risk, or have at least some reasonable connection with it, is based upon a recognition of the fact that the independent causes which may intervene to change the situation created by the defendant are infinite, and that as a practical matter responsibility simply cannot be carried to such lengths." Section 49, pages 274-275, Prosser, Torts, supra.

The question then presented is whether or not a new, independent and unexpected factor intervened which was a natural and real occasion of the injury. If so, then the causal chain would be broken and there could be no recovery by the minor plaintiff. See *Ford Motor Company v. Wagoner,* 183 Tenn. 392, 192 S.W.2d 840, 164 A.L.R. 364 (1945); *Cartwright v. Graves,* 182 Tenn. 114, 184 S.W.2d 373 (1944); *Levitan v. Banniza,* 34 Tenn.App. 176, 236 S.W.2d 90 (1950); *McKinnon v. Michaud,* 37 Tenn.App. 148, 260 S.W.2d 721 (1953).

In determining whether or not there was an independent intervening cause, we consider two matters appearing in the declaration. The first is to the effect that the defendant did not park the car on the hill, nor did he instruct the mother to do so. We do not see how he could have anticipated that the mother, Mrs. Kendrick, would have parked the car in such a way as to

allow her children to get in it and in some manner cause it to roll down the driveway. Secondly, although the defendant knew the children would be on his property he could not have reasonably anticipated that they would be completely unsupervised in their play and permitted to climb into his parked car. These factors are independent of the original negligence of Henson, if any, and could not have been reasonably anticipated by him. Therefore, these acts or omissions are deemed independent intervening causes which broke the causal chain even assuming there was negligence on the part of the defendant in turning the car over to Mrs. Kendrick with direction to wash and clean it.

The declarations show that Mrs. Kendrick is a mature woman, although only twenty years of age. She is the mother of two children, was employed by the defendant, and was supporting herself and her children in whole or at least in part.

We are convinced that the action of the trial judge in sustaining the demurrers and dismissing these cases was proper. Affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.