Edgar DUKES, Individually and Lisa Marie
Dukes b/n/f Edgar Dukes, Appellees,

v.

Robert L. McGIMSEY, Terry Shumate and
(Virginia McGimsey Shumate, appel-
lant), Appellant.

Court of Appeals of Tennessee,
Western Section.

June 21, 1973.

Certiorari Denied by Supreme Court
Oct. 1, 1973.

James A. Ridley, III, Knoxville, for appellant Virginia McGimsey Shumate.

Hugh F. LaRue, III, Flynn & Flynn, Knoxville, for appellees.

MATHERNE, Judge.

The issue on appeal is whether, under the facts, there was a negligent entrustment of an automobile.

The facts are that the defendant-appellant Virginia McGimsey Shumate is the wife of the codefendant Terry Shumate. Prior to the marriage of the parties, but while they were engaged to be married, the defendant Virginia McGimsey did loan her automobile to her fiance Terry Shumate. While the loaned vehicle was in the possession of Terry Shumate, he became intoxicated and collided with the vehicle of the plaintiffs causing the damage for which suit is brought.

Terry Shumate was 18 years of age at the time. He had no driver's license, which fact was known to Virginia McGimsey. Virginia testified that Terry had at that time been recently discharged from the armed services, and she supposed he had just not applied for a driver's license. Virginia further testified that when the parties were on dates she would normally drive by and pick up Terry Shumate. She allowed him to drive her automobile on some of these occasions. His driving ability was described by her as normal and competent. On two or three occasions prior to the one in question she had loaned the automobile to Terry Shumate. Virginia further testified that Terry Shumate never drank intoxicants while on a date with her; she knew he did drink some but she never saw him drinking, nor did she ever talk with him by telephone when his voice indicated he was drinking to an excess. Virginia McGimsey testified that on the day of the collision Terry Shumate came to her place of employment at about 9:00 a. m. and asked to borrow her car for the purpose of looking for a job. This defendant stated that Terry Shumate was sober and had not been drinking at that time. This defendant did loan her car to Terry Shumate, and she placed no restrictions on his use thereof.

The plaintiffs proved that Terry Shumate was so drunk at the time of the collision that he was weaving the vehicle back and forth while sitting under the wheel with a quart of beer between his legs. Shumate turned a corner at a high rate of speed on two wheels and completely on his wrong side of the road, and collided with the plaintiffs' vehicle which was stopped. Witnesses who observed Terry Shumate after the accident described him as very drunk. The plaintiffs further proved that Terry Shumate pled guilty to charges of driving without a license and driving while intoxicated.

The Trial Judge, sitting without a jury, held for the plaintiffs against Terry Shumate, the defendant driver, and against Virginia McGimsey Shumate, the defendant owner of the vehicle. The Trial Judge found negligent entrustment of an automobile on the part of the defendant Virginia McGimsey. The defendant Virginia McGimsey appeals to this Court on the ground the Trial Judge erred in finding her guilty of negligent entrustment of the automobile.

Under T.C.A. § 27–303, this appeal is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise. If the evidence preponderates against the finding of the trial judge, it is the duty of this Court to enter such judgment as the law and the evidence warrant. Loftis v. Stuyvesant Ins. Co. (1964), 54 Tenn.App. 371, 390 S.W.2d 722.

"The general rule is that one who turns his automobile over to one under the influence of an intoxicant, or to one addicted to the use of intoxicants to excess, or to a driver who is known to the party loaning the car to be a reckless or negligent or otherwise incompetent driver, is charged with negligence." Rowan v. Sauls (1953), 195 Tenn. 573, 260 S.W.2d 880.

See also: Nicholson Const. Co. v. Lane (1941) 177 Tenn. 440, 150 S.W.2d 1069; English v. Stevens (1952), 35 Tenn.App. 557, 249 S.W.2d 908.

The only proof presented by the plaintiffs that the defendant owner of the automobile, Virginia McGimsey, violated the foregoing rule is the fact Terry Shumate was extremely drunk at the time of the collision, and the fact Terry Shumate did not have a driver's license. The plaintiffs presented no proof that Terry Shumate was drunk or drinking when he obtained possession of the automobile from Virginia McGimsey; no proof that Terry Shumate was addicted to the excessive use of intoxicants; no proof that Terry Shumate was a reckless or negligent driver; and no proof of any other incompetence on the part of Terry Shumate either physical or mental.

Our Supreme Court in the case of Smith v. Henson (1964) 214 Tenn. 541, 381 S.W.2d 892, adopted and followed the general rule that the mere fact the borrower is unlicensed does not render the owner of an automobile liable for the negligence of the borrower where such fact has no causal connection with the injury or damage. The proof fails to establish the cause of the collision was in any manner due to the failure of Terry Shumate to have a driver's license. We conclude, under the proof, the cause of the collision was the drunken state of the defendant Terry Shumate, and not in any way the lack of a driver's license, or the lack of the ability to drive an automobile absent the element of intoxication.

The question then becomes whether, under the facts, the defendant owner of the automobile can be held liable for the damages resulting from the intoxicated condition of Terry Shumate.

The plaintiffs rely upon the case of Sadler v. Draper (1959), 46 Tenn.App. 1, 326

S.W.2d 148, wherein the agent of the owner of an automobile loaned the vehicle to one Crenshaw. In describing the borrower of the automobile, Judge Felts summarized as follows:

"There is little or no dispute in the evidence that Crenshaw was incompetent, reckless, an habitual drunkard, and without a driver's license; and that Foxall (agent) was well acquainted with Crenshaw, a cousin of his, and knew that Crenshaw was unfit to be entrusted with an automobile; and the evidence was that Crenshaw had been drinking all day and was under the influence of liquor when Foxall (agent) loaned him the car."

Under those facts the Court in *Sadler* was clearly justified in finding negligent entrustment of an automobile. We also refer to the cases of Nicholson Const. Co. v. Lane, supra, and Reid v. Messer (1949), 33 Tenn.App. 255, 231 S.W.2d 400, the first of which deals with an entrustment of an automobile to an habitual drunkard; and the other an entrustment to a party then drinking. Those cases are sound law under those facts, and they follow the general rule heretofore stated and applied in Rowan v. Sauls, supra.

■ The facts in the case at bar as herein summarized do not support, nor allow, the application of the rule so as to render the owner Virginia McGimsey negligent in the entrustment of her automobile to the codefendant Terry Shumate.

The plaintiffs present an interesting insistence in support of the finding by the Trial Judge wherein they argue the fact the codefendant Terry Shumate did not testify must be, and could have been, considered by the Trial Judge as against the position of the defendant Virginia McGimsey Shumate. The plaintiffs insist the failure of Virginia McGimsey Shumate to produce Terry Shumate would justify a conclusion that his testimony would be against her interest and the Trial Judge would be justified in so finding. This insistence becomes more novel in view of the fact that Terry Shumate was incarcerated in the Knox County jail at the time of the trial. It is not shown for what reason he was in jail, and the defendant Virginia McGimsey Shumate, his wife, stated she was living with her parents, and she did not know how long he had been in jail.

[5–8] It is the rule that where the evidence tends to fix liability on the defendant, and the defendant has it in his power to offer evidence to rebut the unfavorable inferences which the proof tends to establish, but he neglects or refuses to do so, it may be inferred from the facts shown that the fully developed evidence would establish liability upon the part of the defendant. Western Union Telegraph Co. v. Lamb (1918), 140 Tenn. 107, 203 S.W. 752. The foregoing rule applies, however, only when the plaintiff's proof and the legal deductions therefrom make a prima facie case against the defendant. Davis v. Newsum Auto Tire & Vulcanizing Co. (1919), 141 Tenn. 527, 213 S.W. 914. We note the only prima facie case made against the defendant Virginia McGimsey was the statutory presumption that the codefendant Terry Shumate was driving her automobile with her permission and consent and for her benefit. T.C.A. § 59–1037. The uncontradicted proof established the vehicle was being used with the consent of the owner, but not for her use and benefit; a bailment was established. No prima facie case of negligent entrustment was made.

■ The plaintiff has the burden of proving negligent entrustment of an automobile. The authorities herein cited will not permit an inference of negligent entrustment by the mere proof that the borrower was drunk at the time of the collision, or by the mere proof the borrower

**452**

did not have a driver's license. The plaintiff must go further and prove those conditions as stated in the general rule (Rowan v. Sauls, supra) on the one hand; and prove the lack of a driver's license was a causal factor on the other (Smith v. Henson, supra).

If there were any evidence to establish the general rule as announced in *Rowan,* or as stated in *Smith,* the defendant owner then would be under a duty to produce the codefendant Terry Shumate or suffer the inference; but we cannot allow such an inference, standing alone, to make out a case against the defendant owner. We conclude the foregoing was anticipated by the Court when the rule was established that the inference could only be applied after the plaintiff had made out a prima facie case. *Davis* case, supra; *Western Union Telegraph Co.* case, supra.

The appellees-plaintiffs move to dismiss this appeal because the assignments of error and brief were not filed within the time allowed by Rule 12 of this Court. It is true that Rule 12 was not complied with in that respect. The attorney for the appellant-defendant filed an affidavit in this Court setting out the reason he failed to comply with Rule 12. We conclude, under the circumstances, the time for filing assignments of error and brief be extended to the date of filing. The motion to dismiss this appeal is overruled.

It results the judgment of the Trial Court finding against the defendant Virginia McGimsey Shumate is reversed, and this lawsuit is dismissed as to that defendant. Any cost in the Trial Court assessed against Virginia McGimsey Shumate is reversed, and the cost of this appeal is assessed against the plaintiff-appellees.

CARNEY and NEARN, JJ., concur.