## Irvine *v.* Killen, Appellant.

Argued March 15, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* and *Howard M. Lutz,* for appellant, cited: Markle v. Perot, 273 Pa. 4; Calmann v. Sperry, 276 Pa. 273; Double v. Myers, 305 Pa. 266, 271.

*John E. McDonough,* and with him *R. Paul Lessy* and *M. S. Reps,* for appellee, cited: Fox v. Cahorowsky, 66 Pa. Superior Ct. 221.

OPINION BY KELLER, J., April 17, 1933:

The plaintiff was injured by the negligent operation of an automobile belonging to defendant, which was being driven by her minor son, on his way home from work.

Defendant is a divorced woman, who, at the time, carried on a hair dressing establishment. Her son, eighteen years old, lived with her and was employed by the Sun Oil Co. at its plant about five miles from their home. The defendant received all of her son's wages.

The automobile belonged to her and was used principally to take her and her son to their respective places of business and bring them home; mostly, to take the son to and from his work.

Had the son been managing a branch of his mother's business, appellant could not question her liability for

the damages sustained by plaintiff in this accident. In view of the fact that she received all of his wages and furnished the means of transporting him to and from his work, we are of opinion that he was working on her behalf, and in going to and from his work he was engaged on her business—not her regular business of hair dressing, but a matter in which she was interested by reason of his work for the Sun Oil Co., which was done for her sole benefit and advantage.

By accepting all the fruits of his employment and furnishing him the means to go to and from his work, he so far became her agent, that she cannot escape liability for an accident due to his negligent operation of the car while on his way to or home from work.

Kunkle v. Thompson, 67 Pa. Superior Ct. 37, is distinguishable from this case in that there the son had been emancipated and there was no evidence that the father was to receive his wages. If the defendant's minor son in this case had been so far manumitted that he received and kept his own wages, and his work had not been for her benefit and advantage, liability would not have attached, for she then would have had no "business interest" in his work, which is the criterion. See pp. 41 and 42 of 67 Pa. Superior Ct., supra.

The case of the present plaintiff is much stronger than that of the plaintiff in Fox v. Cahorowsky, 66 Pa. Superior Ct. 221, in which a recovery was allowed where the automobile belonged to the defendant and was used by her minor son, with her permission, for the improvement of his health and for general family purposes, and while being operated by him for the purpose of taking a foster child of the defendant, who lived with her as a member of the family, to work, the plaintiff was injured by the negligent act of the son. In that case Judge HENDERSON said, speaking for the court: "In taking her to the place where she worked

it may be fairly presumed he was so doing because of the family relation existing and was acting as well for his mother as for himself and the young woman. This evidence and the inferences which the jury might draw therefrom bring the case within the principle stated in Moon v. Matthews, 227 Pa. 488, and Raub v. Donn, 254 Pa. 203.'' If the mother, in that case, was benefited by the act of taking a foster child and member of her family to her work, sufficiently to make her liable for the negligent operation of the car in doing so, much more was the mother in this case interested, in a business or financial way, by the transportation to and from his work of a son and member of her family, all of whose wages were received by her. If the car had been driven, with her permission, by some one else while bringing her son home from work, it would have been similar to another phase of the case of Fox v. Cahorowsky. The mother is not discharged of liability by the fact that the son was, with her permission, driving himself home from work, rather than driving some other member of the family home from work, or that he was himself driving the car, rather than being driven home from work by some other person.

The judgment is affirmed.