BONNER v. SURMAN.

4-8864                                    220 S. W. 2d 431

Opinion delivered May 16, 1949.

O. C. *Brewer* and A. M. *Coates,* for appellant.

*Dinning & Dinning,* for appellee.

GRIFFIN SMITH, Chief Justice.  Appellant, a widow who worked as a seamstress, has two sons, one of whom —Bobby, 18 years of age—occasionally drove her car, sometimes using it to deliver newspapers.  Marion Surman, 14 years of age, was injured in April 1948 while assisting Bobby with his work.  In a suit by Virginia Haley, Marion's mother, judgments for $2,000 were rendered against appellant,—$1,500 for Marion and $500 for his mother—on the theory that when the collision occurred, "Bobby Bonner was in and about the business of Rachael Bonner".[1]

Bobby usually covered his route on a bicycle during afterschool periods.  However, on April 20 he borrowed his mother's car, first driving from home to the school campus where Marion and a young girl friend joined him.  Marion had formerly assisted Bobby in serving the route.

There was sufficient evidence for the jury to find that Bobby's inattention as a driver caused the collision with a parked truck, resulting in Marion's injuries, hence a review of circumstances is not necessary.

The only question is, Was there substantial evidence that delivering papers was Rachael Bonner's business? It was admitted that Bobby occasionally used the money he earned in a way indirectly advantageous to appellant.

---

[1] The quoted matter appears in an instruction, made a condition precedent to the right of recovery.

The complaint alleged that Rachael Bonner ". . . was engaged in delivering . . . the Helena *'World'* to the various subscribers residing [in an interurban area called Crestwood] and [elsewhere], . . . and in connection with delivering said papers used an automobile which was regularly driven by her son, Bobbie Bonner. . . ."

Undisputed evidence is that Mrs. Bonner did not have a contract with the Helena *World,* and that her son's work, although permissive, was on his own account. The peg upon which it is urged liability should be fastened is Mrs. Bonner's frank statement that Bobby had at times used his earnings to purchase personal wearing apparel. Bobby did not contribute to the household upkeep, such as buying groceries and like necessities. Appellant testified positively that no contributions were made to her.

The rule has been repeatedly stated that a parent is not liable for the negligence of a son or daughter when operation of the parent's automobile caused damage in circumstances where the relationship of principal and agent, or master and servant, did not exist. *Featherstone* v. *Jackson,* 183 Ark. 373, 36 S. W. 2d 405.

Where a mother received all of her minor son's wages as employe of an oil company and furnished the automobile he used in going to and returning from work, it was held that the employment was for the mother's sole benefit and advantage, hence she was liable for damages caused by use of the car. *Irvine* v. *Killen,* 109 .Pa. Super. 34, 165 Atl. 528. In another Pennsylvania case recovery against a minor's father was denied because agency was not established as a matter of law where evidence showed that the son was permitted by his father to drive a car wherever he desired. Other facts were that if a member of the family chose to enjoy the car, the son drove it for them. He had been trained at a business college, had been employed by various persons, had received—with his father's consent—wages thus earned, and from these wages had educated and practically clothed himself. On the day of accident, desiring

to go to a neighboring town in response to a letter offering employment, the minor requested his father to permit him to take the automobile, first informing the parent of the object of the trip. The Court said, in effect, that the paternal interest a father has in his son's welfare is not to be confused with a business interest, which would subject the father to damages. *Kunkle* v. *Thompson,* 67 Pa. (Superior Court) 37.

The general common law rule is that a parent is not liable for the minor child's torts unless there is some element of participation. *McCarthy* v. *Heiselman,* 140 App. Div. 240, 125 N. Y. S., 13. The New York case dealt with a situation where the defendants' infant entered the plaintiff's employment with defendants' consent, and turned over his wages to them. This, it was held, did not make such infant the agent or servant of defendants so as to charge them with liability for the infant's conversion of the employers' money.

In the absence of extraordinary circumstances the head of the parental household is entitled to a minor child's wages. Where, however, the parent in authority permits the child to contract for himself, emancipation in respect of earnings may be implied. *Biggs* v. *St. Louis, Iron Mountain & Southern Railway Co.,* 91 Ark. 122, 120 S. W. 970.

In the case at bar the collateral benefit received by appellant was what she may have saved in the purchase of clothing for Bobby, due to his voluntary act in applying some of his money in that way. But before this money was spent, the mother had relinquished any claim to it, and did not exercise any element of control. At most the benefit was uncertain, and dependent upon the minor's volition.

We are not able to say that a substantial question of fact was made for the jury. It follows that the trial Court should have instructed the jury to find for the defendant.

Reversed. Cause dismissed.