## Signode Steel Strapping Co. v. Raling et al.

*Carroll Caruthers*, for plaintiff.

*Scales & Shaw* and *Gene McDonald*, for defendants.

MCWHERTER, J., February 24, 1951.—The Signode Steel Strapping Company brought suit against Harrison Raling and Herbert E. Raling for damages arising out of an automobile collision. Harrison Raling, in turn, brought suit against the Signode Steel Strapping Company for damages arising out of the same accident. The cases were tried together. A verdict was rendered in favor of Harrison Raling and against the Signode Steel Stropping Company for $447.70. The court gave binding instructions in favor of Harrison Raling, the

owner of the car, whose son was operating it, and the jury returned a verdict in favor of Herbert E. Raling, son of Harrison Raling, who was operating the Raling automobile at the time of the accident.

The accident happened on the road leading from Irwin to Larimer, immediately east of a one-way bridge at about 3 o'clock in the afternoon on March 30, 1948. Herbert E. Raling, driving an automobile owned by his father, was on his way home from work at the McKee Glass Company at Jeannette, Pa. He was driving west toward the bridge above-mentioned. The car owned by the Signode Steel Strapping Company was being operated by one Thomas Wible in an easterly direction. Wible traversed the bridge and all parties agreed that he, Wible, was necessarily in the center of the road as he left the bridge coming east. Wible testified that he had gotten his car on his own right hand side of the road before the accident occurred and that Raling was over the center line of the road at the time of the collision. Wible was driving a Ford automobile, owned by the steel company, and was engaged in his employer's business at the time of the accident.

There was a dispute as to the exact point of the accident but there was testimony that the cars came together about 30 or 40 yards east of the bridge on a straight stretch of road.

A State policeman, Norman L. Harvey, testified that he got to the scene of the accident about 3:45 o'clock, and found both of the cars on the southerly side of the road on Wible's right and Raling's left. The policeman testified as to the damage to the front of both cars and corroborated what others said that the left front end of the Ford owned by the Steel Company collided with the left front of the Chevrolet driven by young Raling.

Raling testified as a witness for his father and also in his own behalf in the suit in which he was defendant and said that the accident happened just before he came

to the one-way bridge. He said that he saw the Ford approaching and slowed his car down. He testified that he had been going about 25 miles an hour and after seeing the car he slowed down and was only going four or five miles an hour when the collision occurred. He also said that Wible was going 40 to 45 miles an hour as he came through the bridge and that Wible was over the center line on Raling's side of the road when the collision occurred. He further testified that Wible's car went down the road 50 or 100 feet before he got the car stopped.

Counsel for the Signode Steel Strapping Company called one Paul Ziros, Jr., who testified that he did not see the accident; that he saw Raling going down Main Street in Irwin at a high rate of speed and testified as to the condition of the cars after the accident.

Two girls, Dorothy Detar and Joanne Loughner, were called by counsel for the Ralings. They were riding bicycles, traveling east on the Larimer road, and testified in substance that Thomas Wible crowded them off the concrete on the westerly side of the bridge, that they saw the accident, and that Wible was in the center of the road on the easterly side of the bridge at the time of the accident.

The question of master and servant comes up. Wible was in the course of his employment and any negligence on his part would be imputed to his employer, the Signode Steel Strapping Company, and the court so charged the jury.

The same relationship did not exist between Herbert E. Raling and his father, Harrison Raling. There was no testimony that Herbert E. Raling was the servant, agent, or employe of his father, Harrison Raling. He, Herbert E. Raling, was using his father's car for his own purposes, namely, to go to and from work at the McKee Glass Company, so that any negligence on his part could not be imputed to his father. Admittedly

the father had the right to collect his wages, but the burden was on the steel company to prove that the father was collecting his wages.

Counsel for the Signode Steel Strapping Company cited the case of Irvine v. Killen, 109 Pa. Superior Ct. 34. There plaintiff was injured by the negligent operation of an automobile belonging to defendant, a divorced woman, which was being driven by her minor son on his way home from work. The son was 18 years old. The court, at page 36, said:

"In view of the fact that she received all of his wages and furnished the means of transporting him to and from his work, we are of opinion that he was working on her behalf, and in going to and from his work he was engaged on her business—not her regular business of hair dressing, but a matter in which she was interested by reason of his work for the Sun Oil Co., which was done for her sole benefit and advantage."

We find no other case wherein the facts closely approach those appearing in these two cases. Outside of the question of imputed negligence it was purely a question of fact for the jury to determine and it does not appear that the verdict should be disturbed.

The motion for judgment n. o. v. is based on the action of the court in giving binding instructions in favor of Harrison Raling in the suit which the steel company brought against him and on the charge of the court with respect to imputed negligence as between the Ralings. We are not convinced that the trial judge was in error.

### Decree

Now, February 24, 1951, it is ordered, adjudged and decreed that the motion for new trial filed in the case of Signode Steel Strapping Company v. Harrison Raling and Herbert E. Raling, at May term, 1949, no. 96, be refused. It is further ordered that the motion for new trial filed by defendant in the case in which Harrison

Raling is plaintiff and Signode Steel Strapping Company is defendant at November term, 1949, no. 52, be refused and defendant's motion for judgment n. o. v. be and the same is hereby overruled.