RICHARDSON *v.* DONALDSON.

4-9688                                        246 S. W. 2d 551

Opinion delivered March 3, 1952.

*A. S. Harrison,* for appellant.

*Bruce Ivy,* for appellee.

ED. F. McFADDIN, Justice. This case stems from a traffic mishap, which occurred on U. S. Highway 61, a short distance from Osceola. Both vehicles were proceeding in a northerly direction. The Donaldson automobile was in front, with the Richardson truck close behind, and the collision occurred when the Donaldson car attempted to turn left.

The owner and occupants of the Donaldson car (appellees) recovered jury verdicts and judgments against appellants, Murray Richardson, owner, and Eloise Richardson, driver of the Richardson truck; and this appeal challenges such judgments. All questions as to signals, speed, negligence, and amount of verdicts, are waived on this appeal. The appellants argue three points, but we find it necessary to discuss only one of them. A decision of it necessitates a reversal; and the other two points may be obviated on remand.

The one point which we decide is the error in Instruction No. 7. Over appellants' general and special objections, the Court gave Instruction No. 7, as follows:

"Where no driver's license has been obtained as required by law for a person under the age of 18 years to drive a motor vehicle, it is a violation of the law for a

parent to cause or knowingly permit such child to drive upon the highways.

"Therefore, if you find under the instructions herein that the plaintiffs should recover from Eloise Richardson, and further find that Murray Richardson did cause or knowingly permit her to drive the vehicle, then you are told that he is jointly responsible, and your verdict should be against him as well."

The testimony established that Murray Richardson owned the Richardson truck, and that his daughter, Eloise Richardson, then sixteen years of age, was driving the truck at the time of the collision, and that she did not have a driver's license,[1] and had never had one. Before giving Instruction No. 7, the Court had told the jury that there was no evidence on which the jury could find that Eloise Richardson was the agent or servant of Murray Richardson in the driving of the truck on the occasion of the collision. In the light of that declaration, Eloise Richardson was at most a bailee. There was no evidence that Eloise Richardson was known to be an incompetent driver, so such cases as *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21, and *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357, 9 A. L. R. 2d 1040, do not apply. Thus, in giving Instruction No. 7, the trial Court, in effect told the jury that the father, in this case, was liable as a matter of law, merely because he permitted his minor daughter, sixteen years of age, to drive his truck when she did not have a driver's license. We hold such instruction was error.

The socalled "Family Purpose Doctrine" has been repudiated in this State.[2] Furthermore, the negligence of a child cannot be imputed to a parent merely because of the parental relationship,[3] in the absence of a statute so declaring. That we have no such statute, applicable to a case like the one at bar, is now to be shown.

Section 75-315 Ark. Stats. says that when a person under eighteen years of age applies for a driver's license,

---

[1] Such license is required by § 75-307 *et seq.*, Ark. Stats.

[2] See *Norton* v. *Hall,* 149 Ark. 428, 232 S. W. 934, 19 A. L. R. 384.

[3] See *Bonner* v. *Surman,* 215 Ark. 301, 220 S. W. 2d 431.

the application must be signed by the parents of such person, and the statute then provides:

"Any negligence or wilful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct."

Murray Richardson had never signed any such application as above referred to, so the negligence of Eloise Richardson cannot be imputed to Murray Richardson under said § 75-315.

Section 75-342 Ark. Stats. provides:

"No person shall cause or knowingly permit his child or ward under the age of 18 years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in violation of any of the provisions of this act."

Section 75-343 Ark. Stats. provides:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this act."

Section 73-346 Ark. Stats. provides in part:

"It is a misdemeanor for any person to violate any of the provisions of this act. . . ."

Thus, Murray Richardson was guilty of a misdemeanor in allowing his daughter, who had no driver's license, to drive his car. But being guilty of a misdemeanor does not *per se* make Murray Richardson liable for his daughter's negligence. Violation of the traffic law is evidence of negligence, but does not establish negligence as a matter of law.

In § 75-309 Ark. Stats., it is provided that a driver's license *cannot* be issued to a person under fourteen years of age. If an owner should allow a motor vehicle to

be driven by one under fourteen years of age, then such owner would be guilty of negligence *per se*. But a driver's license may, under some conditions, be issued to one between fourteen and sixteen years of age,[4] so the entrusting of a motor vehicle to a person within this age range, who does not have a driver's license, is evidence of negligence of the bailor, which evidence may go to the jury with all the other evidence; but such entrustment does not establish negligence *per se*. This holding is in accord with our holding in the child labor case of *Cox Cash Stores, Inc.* v. *Allen,* 167 Ark. 364, 268 S. W. 361.

In Arkansas Law Review, Vol. 5, page 192, *et seq.*, there is an enlightening article entitled: "Parent's Liability for Tortious Operation of Automobile by Minor Child." The writer of that article summarizes:

"Conclusion: In summary, one may conclude that if a minor in driving an automobile negligently injures another, the possible grounds upon which the parent may be liable in Arkansas are:

a. An agency relationship in fact, existing between the parent and child.

b. Negligence by the parent in permitting use of an automobile by a child known to him to be incompetent.

c. Imputation of liability by statute if the minor is below the age of eighteen, and has a license the application for which the parent has signed.

d. If the minor is below the age of eighteen and has no license, there is a good possibility that the Arkansas Supreme Court may find negligence *per se* on the part of a parent who consents to the violation of a statute prohibiting the minor's driving."

It may be conceded that the above subdivisions a, b, and c are not applicable to the case at bar. To support his "possibility" discussed under subdivision d above, the author of the article relies on the North Carolina case of *Hoke* v. *Atlantic Greyhound Corp.,* 226 N. C. 692, 40 S. E. 2d 345; but the facts in that case are materially

---

[4] See § 75-309, Ark. Stats.

different from those in the case at bar. In the North Carolina case, the car was operated by a girl *under* fourteen years of age, as the driver for her father, who was in the car with her. The North Carolina Statute (G. S. § 20-9) provided:

"An operator's license shall not be issued to any person under the age of 16 years."

Because of that Statute, and another one quoted in the opinion, the North Carolina court held that the violation of the Statute was negligence *per se.* In the case at bar, if Eloise Richardson had been under fourteen years of age (the prohibited age in this State), then her father, in allowing her to drive his truck, would have been guilty of negligence *per se.* But, as previously stated, Eloise Richardson was over the age of sixteen years, and therefore could have legally received a driver's license; and in view of such fact, the question of the parent's negligence in entrusting the car to her should have been submitted to the jury.

Various phases of the question of parental liability for the negligence of a minor child are discussed in a series of Annotations in American Law Reports. See 36 A. L. R. 1164; 49 A. L. R. 1523; 111 A. L. R. 1266; 137 A. L. R. 476. In the last mentioned Annotation, the rationale of the holdings is summarized in this language:

"It seems that the mere fact that the driving of an automobile without a license is forbidden by law is not enough, *per se,* to render liable for any injurious consequences one who permits an unlicensed person to operate his car."

We conclude that under the facts in this case, the trial court was in error in telling the jury, in Instruction No. 7, that Murray Richardson would be liable for his daughter's negligence merely because he entrusted her with the car. Because of such error, the judgment is reversed and the cause remanded.