CARTER *v.* MONTGOMERY, ET AL.

5-1079 296 S. W. 2d 442

Opinion delivered November 19, 1956.

[Rehearing denied January 7, 1957.]

990

 

*Mann & McCulloch,* for appellant.

*Jack P. West,* for appellee.

MINOR W. MILLWEE, Associate Justice. This action arose out of a collision between a bicycle being ridden by a 13-year old boy and an automobile driven by another boy of the same age on the streets of Forrest City, Arkansas on the night of October 31, 1955.

According to the proof Wiley Montgomery owned a 1929 Model Ford automobile his father had purchased for him. On the night in question he was accompanied by two other young boys in driving the car South on Division street while David Carter was riding his bicycle North on said street as the two vehicles approached the intersection of Division and Mississippi streets. The Montgomery boy was driving at a moderate rate of speed and upon reaching the intersection made a normal left turn off Division street into Mississippi street. As the car entered Mississippi street and had ''about straightened up'' the bicycle ridden by young Carter collided with the rear end or right rear side of the car knocking Carter and his bicycle several feet into Mississippi street. The Montgomery boy did not see the bicycle before the collision but a companion did and after some discussion as to just what had struck the car they returned to the scene of the accident after having driven several blocks down Mississippi street. David Carter could not remember anything that happened from the time he left a school house several minutes before the collision until sometime after the accident. The car was equipped with a horn, adequate brakes and headlights that were burning but there was no headlight on the bicycle.

In the action brought by appellant, Jack Carter, individually and as next friend of his son, David Carter, against appellees, Wiley and James Montgomery, for

personal injuries allegedly suffered by David Carter as a result of the collision, the trial court submitted special interrogatories to the jury pursuant to the Comparative Negligence Law (Act 191 of 1955). In response thereto, the jury found that the collision occurred without any negligence on the part of the appellees, Wiley Montgomery and James Montgomery, his father.

The principal contentions for reversal relate to the trial court's refusal to give Instructions Nos. 1 and 5 requested by appellants which read as follows:

"No. 1. You are instructed that, according to the uncontradicted evidence in this case, the defendant, Wiley Montgomery, was under the age of 14 years; and you are further instructed that under the laws of Arkansas, when a parent permits his child to drive a motor vehicle when that child is under the age of 14 years, the parent is guilty of negligence *per se* — that is, the parent becomes negligent by the mere fact of the act of permitting the under-age child to drive the vehicle.

"No. 5. The plaintiffs request the Court to instruct the jury that if they find from the evidence that the defendant Wiley Montgomery, was under the age of fourteen years at the time this collision took place, and if they find that the defendant, Wiley Montgomery, was driving the motor vehicle involved, in violation of Section 75-309 of the Arkansas Statutes, then such finding should be treated by them as negligence *per se* on the part of the defendant, Wiley Montgomery."

In refusing the two requested instructions the trial court instructed the jury on his own motion as follows:

"Section 75-309 of the Statutes of Arkansas is as follows: 'Persons not to be licensed. The department shall not issue any license hereunder: 1. To any person, as an operator, who is under the age of 16 years, except that the department may issue a restricted license as hereinafter provided to any person who is at least 14 years of age.'

"In view of that statute and in view of the fact that it is undisputed in the evidence in the record in

this case that the defendant, Wiley Montgomery, is under the age of 14 years and is the son of James Montgomery, and the further fact that it is undisputed in this record that James Montgomery, permitted the defendant, Wiley Montgomery, to drive the vehicle that night, any negligence you find on the part of the defendant Wiley Montgomery, will be imputed to the father, James Montgomery, under the law, and James Montgomery will be liable for any negligence and damages caused by his son, Wiley Montgomery.''

As we understand appellants' contention it is that James Montgomery was not only guilty of negligence *per se* in permitting his boy to operate the car in violation of the statute, but was thereby rendered absolutely liable for any damages suffered by appellants irrespective of whether such negligence was the proximate cause, or one of the proximate causes, of the injury. In this connection it is further argued that if the parent is liable *per se* then the same liability should be imposed upon the child himself. Appellants rely on the recent case of *Richardson* v. *Donaldson,* 220 Ark. 173, 246 S. W. 2d 551, where we held that the parent of a child 16 years of age would not be liable for the child's negligence merely because he entrusted her with the car. In reaching that conclusion we discussed *Hoke* v. *Atlantic Greyhound Corp.,* 226 N. C. 692, 40 S. E. 2d 345, in which the court held a violation of a statute similar to Ark. Stats., Sec. 75-309, constituted negligence *per se* on the part of the parent. We then said in the Donaldson case: ''In the case at bar, if Eloise Richardson had been under fourteen years of age (the prohibited age in this State), then her father, in allowing her to drive his truck, would have been guilty of negligence *per se* . . .'' While this statement was *dictum* in that case, we adhere to it.

It follows that James Montgomery was guilty of negligence *per se* in the instant case and appellants' Requested Instruction No. 1 was correct as an abstract statement of the law and as far as it went. But the instruction, and others requested by appellants, ignored the question of proximate causation. Excellent articles relating to this question appear in 1 Ark. Law Rev. 275

and 4 Ark. Law Rev. 192. As the author points out in the article last cited, the North Carolina court did hold in the *Hoke* case that a violation of the statute was negligence *per se* but it further held that to be actionable such negligence must be the proximate cause, or a proximate cause, of the injury. This is also the view taken in most jurisdictions under similar statutes where the question has arisen. *Gossett* v. *Van Egmond,* 176 Ore. 134, 155 P. 2d 304; *Somerville* v. *Keeler,* 165 Miss. 244, 145 So. 721; *Laubach* v. *Colley,* 283 Pa. 366, 129 Atl. 88, *Wery* v. *Seff,* 136 Ohio St. 307, 25 N. E. 2d 692; *White* v. *Kline,* 119 Wash. 45, 204 P. 796; *Reid* v. *Boward,* 181 Va. 718, 26 S. E. 2d 27; *Wilcox* v. *Wunderlich,* 73 Utah 1, 272 P. 207.

The principle recognized in these cases was involved in *Mo. Pac. Rd. Co.* v. *Davis,* 208 Ark. 86, 186 S. W. 2d 20, where we approved this statement from 38 Am. Jur., Negligence, Sec. 166; "Regardless of whether the violation of a statute or ordinance is regarded as negligence, negligence *per se,* or evidence of negligence, the plaintiff, to be entitled to recover, must show a causal connection between the injury received and the violation of the statutory prohibition or mandate. In other words, he must show that the violation of the statute was the proximate cause of the injury. If the violation of the statute or ordinance by the defendant was not the direct and proximate cause of the accident, he is not liable for the injury of which complaint is made." See also, 5 Am. Jur., Automobiles, Sec. 361; 60 C. J. S., Motor Vehicles, Sec. 431c; Restatement, Torts, Sec. 431.

It is true that this court adopted a different approach to the problem in damage suits by minors employed in violation of the Child Labor Act (Ark. Stats. 81-701) for injuries suffered in the course of such employment. In *Terry Dairy Co.* v. *Nalley,* 146 Ark. 448, 225 S. W. 887, the court decided that the statute itself supplied the proximate cause, saying: "The employment of a minor in violation of the statute being negligence *per se* and the injury being caused by reason of the employment, such negligence is the proximate cause of the

injury." As the author of the first law review article cited above indicates, the effect of this holding is to remove such actions from the negligence field and place them in the absolute liability category. We are unwilling to extend that rule by applying it here. Suppose a drunken or reckless operator of one car negligently crashed into another being operated by an under-age driver in a careful and lawful manner, it would be manifestly unfair to hold the child's parent liable for damages sustained by the reckless operator. The evidence here fully sustains the jury's finding that Wiley Montgomery was free from negligence and no prejudicial error resulted in the trial court's refusal to give instructions that merely told the jury a violation of the statute constituted negligence *per se* without further requiring that such negligence be found to be the proximate cause of the injury or a substantial factor in bringing it about. The giving of Instructions 1 and 5 as requested by appellants would have confused issues that were properly submitted in the instructions given.

Appellants also say the court erred in refusing to give Paragraphs "G" and "H" of their Requested Instruction No. 3. Paragraph "G" set out Ark. Stats. Sec. 75-725 which requires that motor vehicles be equipped with a certain kind of horn in good working order and that the driver use it when reasonably necessary to insure safe operation. We find no prejudicial error in refusing this request since the car was equipped with a proper horn according to the testimony of the appellants' own witnesses and it is undisputed that young Montgomery had already made a normal turn into Mississippi street when the unlighted bicycle struck the rear of the car. Evidence is also lacking to show there was anything in the situation apparent to young Montgomery to warn him of such impending danger as to require the sounding of his horn as he approached the intersection.

Paragraph "H" set out Ark. Stats., Sec. 75-901 (a) which requires the driver of a car involved in an accident resulting in injury or death to stop and remain until he

has "fulfilled the requirements of Sec. 75-903." According to the proof Wiley Montgomery stopped and returned to the scene as soon as he realized what had happened and there is no showing that he failed to satisfy the requirements of Sec. 75-903. Moreover, a refusal to instruct on the statute does not amount to prejudicial error where the failure to comply with it bears no proximate relation to the cause of the collision. *Schlosberg v. Doup,* 187 Ark. 931, 63 S. W. 2d 337.

We find no prejudicial error, and the judgment is affirmed.