SONCINI *v.* RANKIN.

5-3336                            383 S. W. 2d 500

Opinion Delivered November 9, 1964.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Earl J. Lane, M. C. Lewis, Jr.,* for appellee.

ED. F. MCFADDIN, Associate Justice. Four teen-agers were travelling in a high powered car at an enormous speed. The car ran into a bridge abutment and all four occupants were killed. This is an action for damages brought by the administratrix of one of the teen-agers against the owner of the automobile.

Mrs. Dorothy Easley Rankin is the mother and administratrix of the estate of Nancy Ann Easley, aged sixteen, who was killed in the above mentioned collision on August 10, 1960. The other occupants of the car, also killed, were Jerry Muncrief, aged 19, James Muncrief, aged 13, and Carolyn Muncrief, aged 15. The Muncrief children (two brothers and a sister) were first cousins of Nancy Ann Easley. The defendant is Mrs. Frances Soncini, the owner of the Cadillac convertible, which she

had allowed Jerry Muncrief to drive. Trial resulted in a verdict and judgment for Mrs. Rankin as administratrix of the estate of Nancy Ann Easley; and Mrs. Soncini brings this appeal, urging three points:

"1. The trial court erred in denying appellant's motion for a directed verdict at the close of the appellee's case in chief.

"2. The trial court erred in denying appellant's motion for a directed verdict at the conclusion of the entire case.

"3. The trial court erred in denying the appellant's motion to dismiss appellee's Amendment to Amended and Substituted Complaint on the ground that this pleading was barred by the statute of limitations pertaining to actions for wrongful death."

I. *The Plea Of Limitation.* This is appellant's third point, but we discuss it first. There was considerable uncertainty as to which of the children was actually driving the car at the time of the fatal collision. To understand the plea of limitation it is necessary to give dates of some of the pleadings:

(1) On September 14, 1962, Mrs. Rankin, as administratrix, filed this action against Mrs. Soncini. The original complaint, in addition to alleging negligence of the driver of the car, damages, etc., alleged that Mrs. Soncini was the owner of the car and ". . . that the defendant was further negligent and careless in entrusting the said Cadillac convertible automobile, a dangerous instrumentality, to a minor that she knew was irresponsible, unstable, and an unsafe driver."

(2) On September 28, 1962, the defendant, Mrs. Soncini, filed a motion that the plaintiff make the complaint more definite and certain by alleging the name of the person driving the car at the time of the collision; and this motion was granted.

(3) On December 19, 1962, the plaintiff, by amendment, alleged that Mrs. Soncini had entrusted the car to David Millich, who had negligently and carelessly en-

trusted the car to Jerry Muncrief, whom he knew was irresponsible and unstable.

(4)   To the complaint and amendment Mrs. Soncini filed a demurrer; and then on July 11, 1963, the plaintiff filed an amended and substituted complaint in which it was alleged that Mrs. Soncini negligently entrusted the automobile owned by her ". . . to Michael Gerald Muncrief,[1] a minor of the age of 19 years, that she knew, or by the exercise of ordinary care should have known, was irresponsible, unstable, and incompetent, both physically and mentally, to have possession and control of the said automobile. That on the said date, the said Michael Gerald Muncrief drove the defendant's said automobile to his home and picked up his brother, James Hugh Muncrief, a minor of the age of 13 years, and his sister, Carolyn June Muncrief, a minor of the age of 15 years. That he then drove the said automobile to the home of his first cousin, Nancy Ann Easley, a minor of the age of 16 years, the plaintiff's intestate, and picked her up. That the said Michael Gerald Muncrief, because of his irresponsibility, unstableness and incompetency, permitted his said sister, Carolyn June Muncrief, to drive the said automobile in violation of law. That the said Carolyn June Muncrief, under the negligent direction of the said Michael Gerald Muncrief, drove the said automobile . . ."

(5)   On July 15, 1963, the defendant demurred to the amended and substituted complaint, which demurrer was overruled, and the defendant requested and obtained a continuance of the case and then filed a general denial.

(6)   On August 27, 1963, the plaintiff filed an amendment to the amended and substituted complaint, and in the amendment alleged that Michael Gerald Muncrief (also referred to herein as Jerry Muncrief) was driving the automobile at the time of the fatal collision.

It will be observed that the fatality occurred on August 10, 1960, and that the last mentioned amendment

---

[1] This is the same party known and referred to as "Jerry Muncrief" throughout the testimony, and this opinion.

was filed on August 27, 1963, which was three years and seventeen days after the fatality; and because of that fact the defendant pleaded the statute of limitations, relying on Ark. Stat. Ann. § 27-907[2] (Repl. 1962). The plea of limitation was denied; and that is the ruling now under consideration.

We hold that the filing of the amendment on August 27, 1963, was not the beginning of a new cause of action but was in compliance with the defendant's original request to furnish the name of the person who was driving the car at the time of the fatal impact. There was considerable uncertainty all the time as to who was driving the car because all of the occupants in the car were killed. Finally, after the taking of the deposition of David Millich on July 24, 1963, the plaintiff was able to definitely allege that Jerry Muncrief was the driver of the car, and that was the final allegation. The naming of Jerry Muncrief was not the beginning of a new cause of action but in compliance with the defendant's request for the name of the driver. The amendment filed on August 27, 1963, did not change the cause of action or add any new parties; it merely made definite and certain an allegation as to the driver of the car. What we said in *Western Coal Co.* v. *Corkille,* 96 Ark. 387, 131 S. W. 963, is applicable here:

"The amendment was therefore only a continuation of the original complaint, and it took effect as of the date when the latter was filed. 1 Enc. Plead. & Prac. 621; *Wright* v. *Walker,* 30 Ark. 44; *Brockaway* v. *Thomas,* 32 Ark. 311; *Kuhns* v. *Wisconsin, etc. Ry. Co.,* 76 Ia. 67; *Gordon* v. *Chicago, R. I. & P. Ry. Co.,* 129 Ia. 747."

II. *Defendant's Motions For Instructed Verdict.* Under this topic we consider the appellant's first and second points, as previously listed. The plaintiff alleged,

---

[2] That section reads: "Every such action shall be brought by and in the name of the personal representatives of such deceased person, and if no personal representative, then same shall be brought by the heirs at law of such deceased person. Every action authorized by this act [§§ 27-906—27-910] shall becommenced within three [3] years after the death of the person alleged to have been wrongfully killed and not thereafter. [Acts 1957, No. 255, § 2, p. 790.]"

and the case was tried to the jury on the theory (a) that Mrs. Soncini was the owner of the Cadillac car; (b) that she was negligent in entrusting the car to Jerry Muncrief; (c) that she knew Jerry Muncrief to be an incompetent and careless driver; (d) *that Jerry Muncrief was the driver of the car at the time of the collision;* and (e) that his careless and negligent driving caused the death of the plaintiff's intestate. With becoming candor, appellant concedes that there was sufficient evidence to take the case to the jury on items (a), (b), (c), and (e) above; but appellant contended below—and urges here— that there was no substantial evidence on item (d) above; that is, *that Jerry Muncrief was the driver of the car at the time of the collision.*

In short, the appellant contends that there is a missing essential in the plaintiff's proof and that the plaintiff cannot recover since there is no substantial evidence that Jerry Muncrief was driving the car at the time of the fatal mishap. The issue is thus narrowed to the evidence on that sole point,[3] since the appellees wave aside any contention that Mrs. Soncini might be liable if Jerry Muncrief was in the car and directing its operation, even though not the actual driver. So the issue is pinpointed to the evidence as to who was actually driving the car at the time of the fatal impact.

The abutment collision occurred about 4:10 P.M. on Arkansas Highway No. 7, called the "Old Little Rock Highway." The scene was several miles east of Hot Springs on what is called the "Belvedere Stretch." The Soncini car was travelling away from Hot Springs at a rate of speed estimated from 80 to 100 miles per hour and was weaving down the highway. The car finally crossed to the left and hit the bridge abutment with tremendous force. The motor was wrenched from the car and remained on the highway. The car leaped the bridge abutment and fell wheels down in the ditch. The **door** on the left (driver's) side was torn off the car. The door

---

[3] The guest statutes (Ark. Stat. Ann. §§ 75-913 and 75-915 [Repl. 1957]) were not pleaded and were not issues in this case. Among other cases cited in the briefs are: *Rook* v. *Moseley*, 236 Ark. 290, 365 S.W. 2d 718; and *Carter* v. *Montgomery*, 226 Ark. 989, 296 S.W. 2d 442.

on the right remained attached to the car. The top was broken away from the windshield and there was left a space of several feet between the upper part of the windshield and the car top. Part of the seats from the car were found on the ground to the left of the car. Jerry Muncrief's body was some distance up the road on the left side of the highway. The bodies of James and Carolyn Muncrief were under the culvert of the bridge. Nancy Ann Easley's body was still in the car, with her feet near the door on the right side and her head resting on the back of the back seat.

We have given the final position of the car and its occupants in some detail since the question of who was driving the car was a question for the jury to decide from the testimony of the witnesses and all of the physical facts and all inferences to be drawn therefrom. Mrs. Barbara Jean Ward, a sister of the deceased Muncrief children, testified that she saw Jerry Muncrief driving the Cadillac convertible when he came to the Muncrief house and picked up his brother and sister and drove away some time around 3:30 in the afternoon. At that time the top was up on the convertible, which was a two-door car. Jerry was driving, Carolyn was in the middle of the front seat, and James was on the right side of the front seat. Since the fatal impact occurred between 4:00 and 4:10 P.M., the testimony of Mrs. Ward would give the position of the occupants approximately 40 minutes before the collision. When the children left the Muncrief home they were going to Nancy Ann Easley's home some 10 or 11 blocks away. Mrs. Muncrief, mother of the children, also testified that Jerry Muncrief was driving the car at the time it left the Muncrief home. On this testimony the appellee contends that when a certain person is shown to be driving a car and in control of it, that condition continues until shown otherwise by indisputable testimony. *Flick* v. *Shimer* (Pa.), 17 Atl. 2d 332; *Limes* v. *Keller* (Pa.), 74 Atl. 2d 131; *Claussen* v. *Johnson* (Iowa), 278 N. W. 297; *Moore* v. *Watkins* (Tenn.), 293 S. W. 2d 185. See also annotation in 32 A. L. R. 2d 988, entitled: "Proof, in absence of direct testimony by sur-

vivors or eyewitnesses, of who, among occupants of motor vehicle, was driving it at time of accident.''

For the appellant, Mrs. Bernice Rogers testified that she was driving east on the Belvedere Stretch at about 4:00 P.M. and was travelling slightly under 60 miles an hour; that she first saw the Cadillac car through her rear view mirror; that the Cadillac car passed on her left; and that she also saw the occupants through the rear window of the Cadillac car. Mrs. Rogers said all four of the occupants were in the front seat of the Cadillac car and that a girl with dark hair, wearing it as a ponytail, was on the extreme left of the front seat. This description would fit Nancy Ann Easley. Mrs. Rogers could not say that the girl was driving the car, but she did say that the girl was on the extreme left of the front seat.

When we consider that the positive testimony established that Jerry Muncrief was driving the car 30 to 40 minutes before the wreck, that Mrs. Rogers testified that a girl with a ponytail was on the extreme left of the front seat (which description would fit Nancy Ann Easley), and when we consider the positions of the bodies and the position of the wrecked car—when we consider all of these matters—we conclude that a question of fact was made for the jury as to whether Jerry Muncrief was the driver at the time of the fatal impact. It was for the jury to decide how much weight to give to the presumption that Jerry Muncrief, having been the driver, continued to be so. It was for the jury to decide how much Mrs. Rogers could have actually seen with a car passing her as this one was, and how much she could have seen through the back window of the Cadillac convertible. It was for the jury to decide whether the position of Nancy Ann Easley's body in the car indicated that she was all the time seated in the back seat and was kept from being thrown clear of the car because the top of the convertible had not become entirely severed. The Trial Court correctly submitted to the jury the question of who was the driver of the car; and we leave that verdict undisturbed.

Affirmed.