**6**

**Mark Aaron SIESS, by His Next Friend, Raymond Siess, and Raymond Siess, Plaintiff-Appellant,**

**v.**

**Lorene M. LAYTON, Defendant-Respondent.**

**No. 52625.**

Supreme Court of Missouri, Division No. 1.

July 10, 1967.

Thomas J. Briegel, Union, for appellant.

James A. Cole, Jenny & Cole, Union, for respondent.

WELBORN, Commissioner.

May a person under the age of sixteen years and therefore not qualified to obtain

a motor vehicle operator's license maintain a cause of action for injuries sustained while operating a vehicle on the highway? The circuit court held that such a person is "incompetent as a matter of law" and therefore has no cause of action. This appeal followed.

Mark Aaron Siess, through his father as next friend, brought suit for $150,000 damages for injuries sustained by Mark in a collision with an automobile operated by defendant on Route 30 in Franklin County, Missouri, on October 3, 1963. At the time of the collision, Mark, some fourteen years and eight months of age, was driving an Allstate Mo-Ped Motorbike, described in his petition as a motor vehicle. The petition specified numerous grounds of negligence on defendant's part and defendant's answer charged Mark with contributory negligence on numerous grounds. Upon the filing of answers to interrogatories revealing the date of Mark's birth, defendant moved for a summary judgment on the grounds that Mark "was an underage, unauthorized driver of a motor vehicle upon the highways of the State of Missouri and was, therefore, guilty of contributory negligence as a matter of law * * *." Plaintiff filed an affidavit in opposition to the motion, in which he admitted that he was, at the time of the accident, an unlicensed driver and under sixteen years of age. He alleged, however, that he was, at the time of the collision, operating his vehicle in a careful and prudent manner and in no way contributed to cause the collision.

The trial court's finding was: " 'That under the law, the plaintiff, Mark Aaron Siess, is incompetent as a matter of law as has been declared by the statutes of the State of Missouri as being too young to drive.'

"On this showing, defendant has established that plaintiff has no cause of action * * *."

Summary judgment was ordered in favor of defendant and this appeal followed.

§ 302.060(2), RSMo 1959, V.A.M.S., prohibits the issuance of a motor vehicle operator's license to any person under the age of sixteen years, with certain exceptions not here applicable. Mark, having no license at the time of the accident, was operating his vehicle in violation of § 302.020 (2), RSMo 1959, V.A.M.S. He was also violating § 564.470, RSMo 1959, V.A.M.S., prohibiting the operation of a motor vehicle on the highways by a person under the age of sixteen years. No statute purports to make either such violation a disqualification to sue for injuries sustained in the course of such violation.

Although defendant's motion placed the alleged bar to plaintiff's action upon the grounds of his violation constituting contributory negligence as a matter of law, the trial court did not make such an express finding but found plaintiff "incompetent" and therefore unable to maintain his cause of action.

Generally, violation of driver licensing statute is not a bar to recovery by an unlicensed driver for injuries sustained by him in accident involving his operation of a motor vehicle. 7 Am.Jur.2d, Automobile and Highway Traffic, § 368, p. 915; 60 C.J.S. Motor Vehicles § 162, p. 497. In Faust v. East Prairie Milling Co., Mo.App., 20 S.W.2d 918, the court held that, in an action charging negligence in the employment of an incompetent chauffeur, "the charge that such chauffeur had no license was wholly irrelevant, since it had no causal connection with the accident." 20 S.W.2d 918 [1].

"The fact that a person is doing an illegal act does not prevent him from maintaining an action for harm caused by the negligence or ultrahazardous activities of a third person. Nevertheless, if the injured person has violated a statute designed to prevent a certain type of risk, he is barred from recovery for harm caused by violation of the statute if, but only if, the

harm resulted from a risk of the type against which the statute was intended to give protection." 4 Restatement of Torts, § 889, Comment b, p. 472.

"The mere failure to have a driver's license does not establish a causal connection between the operation of the vehicle and an injury.

"Statutes providing for the issuance of licenses to operate motor vehicles on proof to the satisfaction of a designated official that the applicant is a proper person to receive a license, prohibiting the operation of a motor vehicle without a license, and forbidding the issuance of a license to persons under a certain age, do not, without more, deal with the rule of care required from the operator." 3 Blashfield Automobile Law and Practice (3rd ed.), § 101.35, p. 97.

"Most licensing statutes, such as those applicable to automobile drivers or physicians, have been construed as intended only for the protection of the public against injury at the hands of incompetents, and to create no liability where the actor is in fact competent but unlicensed." Prosser on Torts (3rd ed.), § 35, pp. 197–198.

We do have cases in which an underage driver has been described as "incompetent as a matter of law." The Springfield Court of Appeals in Thomasson v. Winsett, 310 S.W.2d 33, 36, and in Ritchie v. Burton, 292 S.W.2d 599, 607, employed such language in considering application of the "dangerous instrumentality" doctrine in suits against vehicle owners who had permitted others to drive the vehicle. In Thomasson, the driver was under sixteen. In Ritchie, the driver was more than sixteen, but unlicensed. Language to similar effect may be found in Dinger v. Burnham, 360 Mo. 465, 228 S.W.2d 696, in which the question involved was whether the negligence of an underage minor might be imputed to the plaintiff, mother of the driver. Just what negligence was charged to the driver does not appear. The facts showed lack of

exercise of the proper standard of care on the part of the driver, without regard for his age or unlicensed status. Those cases all involved the obligation or liability of a person who entrusted his vehicle to an unlicensed driver, in two of the cases an underage driver. None considered the right of the unlicensed driver to recover for injuries which he received. Thomasson was an action for the wrongful death of the unlicensed, underage driver. However, no question appears to have been raised as to the right to maintain the action for his wrongful death.

Respondent contends that these cases, alluding to persons ineligible by reason of age to obtain a driver's license as "incompetent as a matter of law," properly support the trial court's ruling in this case.

■ The cases relied upon by respondent did not involve, directly, the rights or liability of the underage driver. The question presented related to the obligation of the parent or owner who had entrusted a motor vehicle to the underage driver, in violation of a statute applicable to the parent (§ 302.250, V.A.M.S.) or owner (§ 302.260, RSMo 1959, V.A.M.S.). Whatever the significance of "incompetence as a matter of law" of an underage driver in such cases, we find no reason for concluding that such driver's assumed incompetence must deprive him of a right of action for injuries received when he is actually in the exercise of the proper degree of care. In the "dangerous instrumentality" cases, the driver has demonstrated his incompetence by some negligent act in the absence of which there would be no liability on the part of the owner. See Carter v. Montgomery, 226 Ark. 989, 296 S.W.2d 442. Likewise, in an imputed negligence situation, the driver has been guilty of an act of negligence which is to be imputed to another. Such cases cannot govern the right of action in a case such as this. This case presents no exception to the general rule above stated and the

trial court should not have sustained the respondent's motion for summary judgment.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P J., SEILER and HOL-MAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.