270 So.2d 770 (1972)
Raymond LYNCH, Appellant,
v.
Margaret J. McGOVERN and Hartford Accident and Indemnity Company, Appellees.
No. 71-566.
District Court of Appeal of Florida, Fourth District.
December 19, 1972.
Rehearing Denied January 15, 1973.
*771 Douglas S. Lambeth, Fort Lauderdale, for appellant.
Dieter K. Gunther of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellees.
WALDEN, Judge.
A negligence suit for damages resulted from a vehicular collision. The losing plaintiff appeals. We affirm.
The defendant operator left the scene of the accident. The plaintiff was thwarted, he believes, in making full use of this circumstance. This forms the basis of his two point appellate complaint.
First, plaintiff is aggrieved because the trial court disallowed from evidence certain city ordinances dealing with leaving the scene of the accident, failing to render aid, etc. (The same provisions as are found in Sections 317.071 and 317.121, F.S. 1969, F.S.A.)
The basic and critical issue is whether the defendant was guilty of negligence which proximately caused the matter about which complaint is made. The conduct of the defendant coming after the collision and incurrence of injuries could have no proximate or causal relationship to the negligence or liability question, and hence the trial court was correct in ruling that the ordinances were irrelevant and immaterial in the sense that the violation of them was not a predicate for employment under Standard Jury Instruction 4.11, 31 F.S.A., as urged by appellant. Sims v. Apperson Chemicals, Inc., Fla.App. 1966, 185 So.2d 179; Preger v. Gomory, Fla. 1951, 55 So.2d 541; Carter v. Montgomery, 1956, 226 Ark. 989, 296 S.W.2d 442.
Second, appellant challenges the trial court decision in refusing to give his requested charge which was extracted verbatim from Busbee v. Quarrier, Fla.App. 1965, 172 So.2d 17.
"If a person driving an automobile takes some notice of an accident, if he decides on flight, it calls into operation the presumption of conscious guilt, commonly inferred therefrom in criminal cases and properly to be considered in civil cases."
The trial court is required to instruct the jury regarding the law applicable to the facts in evidence and the law of the case. 32 Fla.Jur., Trial, § 140 (1960). Under Fla.R.Civ.Proc. 1.949, 31 F.S.A., the Standard Jury Instructions may be used by trial judges in civil cases where they are applicable. If they are erroneous or inadequate the trial judge may amend them or give some other instruction which adequately instructs the jury in the circumstances of the case.
The following standard jury instructions were in fact given:
2.1, introductory instruction
2.2, believability of witnesses
3.5a, negligence
3.6c, issues as to proximate cause
3.7, greater weight of the evidence, burden of proof
3.8a, contributory negligence
3.9, greater weight to find
4.1, negligence
4.10, equal rights of motorists; and pedestrians

*772 4.11; 5.1, legal cause, generally
6.1b, damages, introduction
6.2a, 6.2c, 6.2d, capacity
6.2h, 6.9a, 6.10, reduction of damages to present value
7.1, prejudice and sympathy
7.2, election of foreman
Busbee v. Quarrier, supra, did not involve jury charges. It was a negligence action arising out of the wrongful death of a minor, who while riding his bicycle, was struck by defendant and killed. Defendant, according to the evidence, was drunk that night and fled the scene of the accident. Some five hours later, he reported that his car was apparently involved in an accident. There were no witnesses to the accident. In approving a jury award of $25,000 the appellate court examined the whole record and found sufficient circumstantial evidence to support the jury's award. The specifically requested instruction came from the following:
"The evidence was also sufficient to support a finding of negligence on the part of the operator who apparently did not stop or otherwise show any normal reaction after striking the deceased, for these acts suggest lack of control of faculties or a degree of callousness of which no sober person would be guilty.
"A person driving an automobile does not ordinarily run down bicyclists or pedestrians on the highway, and if he does, he takes some notice of it, even if he ultimately decides on flight or falsehood to protect himself. If he decides on flight, it calls into operation the presumption of conscious guilt, commonly inferred therefrom in criminal cases and properly to be considered in civil cases. If he decides on falsehood, the doctrine stated by Wigmore on Evidence, Vol. 2(3rd ed.), Section 278, page 120, applies:
`* * * it has always been understood  the inference, indeed, is one of the simplest in human experience  that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct, is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit [emphasis added].'"
We think the Busbee case correctly sets forth the law of this state and that, indeed, flight from the scene gives rise to an inference which may support a finding of guilt of negligence in civil cases.[1] For other authority see Harrington v. Sharff, 2d Cir.1962, 305 F.2d 333; Dean v. Cole, E.D.S.C. 1963, 217 F. Supp. 280; Langenstein v. Reynaud (1930), 13 La. App. 272, 127 So. 764. However, we remind there is no indication that a charge as to such inference was either requested or given in Busbee. We do think, though, that the language contained in the Busbee case was loose and imprecise when it was remarked in one place that flight called into operation a presumption of conscious guilt. In other references, the effect of flight is correctly termed as an "inference."
There is a basic distinction between an inference and a presumption. See Nationwide Mutual Insurance Co. v. Griffin, Fla.App. 1969, 222 So.2d 754; Greyhound Corp. v. Ford, Fla.App. 1963, 157 So.2d 427. Flight in this case is necessarily an inference and not a presumption; and, therefore, the charge as framed was a confusing statement of the law and should not have been given.
And now critically, we come to the issue as to what charge, if any, the trial court *773 should, or might, have given concerning defendant's flight.
The Standard Jury Charges contain no approved charges as to the effect of flight in particular or as to inferences in general. We do note the following recommendations:
2.3 that no charge be given as to inferences arising from a party's failure to produce a witness.
3.9 that no charge be given as concerns the effect of the greater or lesser number of witnesses. Further, that no charge be given distinguishing circumstantial from direct evidence.
4.1 that no charge be given as to the lack of an inference arising from mere fact of accident.
Further, the jury should not be charged on unavoidable accident and presumption of reasonable care.
However, see Standard Jury Charge 4.6, Res Ipsa Loquitur, which by fundamental doctrine instructs as to inferences in that connection, and 4.11, violation of ordinance.
As we commonly know, the usual jury trial will often give rise to uncountable inferences that a jury may properly indulge in its fact finding function. We believe that it would be a most confusing and overwhelming undertaking to require the jury to be charged as to each and every inference that they might, or might not, indulge. Our analysis of the Florida Standard Jury Instructions and comments leaves us with the feeling that such specific instructions as here requested with reference to the effect of flight are not required (although we are not prepared to say that, had such an instruction been correctly given, it would have constituted reversible error). In consideration of the jury charges as a whole, we find that they were altogether adequate to advise the jury of the law of the case.
In sum, it is our opinion that the trial court committed no error in refusing the charge as worded and, further, that it was not required to charge on such inference, even if same had been correctly requested.
No error having been made to appear, the judgment is
Affirmed.
CROSS and MAGER, JJ., concur.
NOTES
[1] We know, of course, that in criminal cases flight from the scene of a crime is an incriminating circumstance, which is relevant and admissible in evidence to prove guilt. Harrison v. State, Fla.App. 1958, 104 So.2d 391.