Freddie L. JACKSON *v.* David HOUCHIN

CA 03-89                                        144 S.W.3d 764

Court of Appeals of Arkansas
Division II
Opinion delivered February 4, 2004

*William M. Howard, Jr.*, for appellant.

*Lizabeth Lookadoo, P.A.*, for appellee.

ROBERT J. GLADWIN, Judge. On March 15, 1996, appellant Freddie Jackson signed a driver's license application for his cousin, Charles Jackson, who was a minor at that time. Under the provisions of Ark. Code Ann. § 27-16-702 (Supp. 1995), appellant was not authorized to sign the application for Charles because the

boy's mother was living and appellant did not have custody or guardianship of him. On August 5, 1996, Charles was involved in an automobile accident with appellee David Houchin. Appellee filed a negligence suit, naming appellant as a co-defendant. A jury found for appellee on his complaint against Charles Jackson and appellant Freddie Jackson, and assessed damages in the amount of $11,088.55, plus costs. Appellant contends on appeal that because he was not authorized to sign the application of the minor, he cannot be held liable for the minor's negligent conduct. We affirm.

Arkansas Code Annotated section 27-16-702 (Supp. 1995) provides in relevant part:

> (a)(1)(A) The original application of any person under the age of eighteen (18) years for an instruction permit, driver's license, motor-driven cycle or motorcycle license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if either is living and has custody.

> (B) In the event neither parent is living or has custody, then the application shall be signed by the person or guardian having custody or by an employer of the minor.

> (C) In the event there is no guardian or employer, then the application shall be signed by any other responsible person who is willing to assume the obligations imposed under this subchapter upon a person signing the application of a minor.

> . . .

> (b) Any negligence or willful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who signed the application of the minor for a permit or license, *regardless of whether the person who signed was authorized to sign under subsection (a) of this section*, which person shall be jointly and severally liable with the minor for any damages caused by negligence or willful misconduct.

(Emphasis added.)

■ In arguing that he cannot be held liable under the above statutory provisions because, under these same provisions, he was not authorized to sign the application, appellant is seeking to benefit from his wrongdoing. The language of the statute makes it clear that even though appellant was not authorized to sign for

the minor, once he did sign, he became jointly and severally liable for any damages suffered as a result of the minor's negligence.

Appellant cites two cases to support his contention that he cannot be held liable for the minor's negligence, neither of which is applicable here. The first is *Richardson v. Donaldson*, 220 Ark. 173, 246 S.W.2d 551 (1952), wherein the father of the minor did not sign an application, but did allow his daughter, who had no driver's license, to drive his vehicle. The court said that negligence could not be imputed to the father under a statutory provision similar to the one in the case now before us because the father had never signed an application. Letting his daughter drive without a license was a misdemeanor, and while violation of the traffic laws was evidence of negligence, it did not establish negligence as a matter of law. The statutory provisions imputing negligence did not apply because Richardson, unlike appellant, had never signed an application at all.

Appellant also cites *Jones v. Davis*, 300 Ark. 130, 777 S.W.2d 582 (1989). In *Jones*, a vehicle driven by seventeen-year-old Charles Volpert struck a motorcycle driven by Mark Jones. Volpert's mother, Barbara Davis, had signed Volpert's application for a driver's license. Jones contended that Charles Davis, Volpert's stepfather, stood *in loco parentis* to Volpert; was required to sign Volpert's application; and was liable for his stepson's negligence. The language of the statute in effect at that time required that either parent, if living, sign a minor's application for a driver's license. Only if neither parent was living would anyone else be authorized to sign. Volpert's mother and father were both living, and his mother signed the application. Davis was neither required nor authorized under the statute to sign the application, and had not done so. The court found that Davis could not be held liable under the statute for his stepson's negligence.

The distinction between *Jones* and the case before us is obvious: Davis did not sign an application, while appellant herein did sign the application for his minor cousin. The act of signing the application brought appellant within the purview of the statute, and appellant cannot now say he should be excused from the liability incurred under the statutory provisions because he acted in a manner not authorized by that statute.

Affirmed.

STROUD, C.J., and HART, J., agree.